————o————

STATE OF MISSOURI Respondent, *vs.* WILLIAM BURGDORF, Appellant.

1. *Crimes and punishments—Rape—Passive policy—Half-way measures.*—The crime of rape can only be committed where there is on the part of her on whom the attempt is made, the utmost reluctance, and the utmost resistance. A passive course of conduct, or slight resistance is not sufficient, there must be no consent, however reluctant.

*Appeal from St. Louis Circuit Court.*

*Jecko and Hospes,* for Appellant.

SHERWOOD, Judge, delivered the opinion of the court.

Burgdorf was indicted for the crime of rape alleged to have been perpetrated by him on Anna Rorschach, a girl about sixteen years of age.

The trial of the cause resulted in a verdict of guilty, and

5—VOL. LIII.

judgment accordingly, and after moving unsuccessfully for a new trial, this case comes here by appeal.

The only ground relied on for a reversal, is that the verdict is entirely unsupported by the evidence.

Without setting forth in detail the disgusting particulars of this accusation, it is sufficient to say with regard to the salient points in the evidence, that whether we consider the *place* of the reputed offense, (a house but a few feet distant from one in which two families were then living,) the early hour in the evening at which it is said to have occurred, or the *manner* of its alleged perpetration, (viz: the seizure by the defendant of both of the girl's hands, in *one* of his, the holding of them behind her back, and while thus still holding them seating himself in a chair, raising one of her legs with one hand, and the other leg with his *foot*, pulling her "*astraddle*" of his lap and consummating the outrage, and this too, while holding to the table on which was a lighted lamp, with his *other* hand, and thus preventing her from pushing him over, as she says, the second time,) the story of the girl is to the last degree improbable.

In addition to this, she is contradicted by Hammill, a witness on the part of the State who was peeping through a crack of the door, only some seven or eight feet distant, and who reiterates the statement that though he heard a kind of screaming at first, the girl made no outcry *while* the offense was being perpetrated; and that after defendant laid down his pipe and took her by the arm, and placed her in the position above referred to, she seemed to be " satisfied," and that she also caught hold of the table with the lighted lamp on it; and the lamp *stood still.*

And Ehert, though not so positive in his statements as to outcries, as Hammill, says he heard no screaming while he and the former were together at the door.

Further than that, the physician who examined the girl the next day, stated that he found no bruises on her person, and that *he got her* to make statements respecting the alleged offense.

In trials of this character, the admonitory advice of Lord Hale, that this is an accusation easily made, hard to be proved, and still harder to be defended by one ever so innocent, should never be forgotten.

Here, the testimony of the party said to be injured, is not only unsupported by any other evidence, but in its more prominent and essential features, is flatly contradicted. And she never makes any complaint only as it is extorted from her by the interrogatories of the medical examiner.

Besides the *method* of the sexual act in question, can scarcely be credited, unless *consent* were one of the ingredients of the transaction. Thus, where the prisoner worked himself under the prosecutrix, and in this way had connection with her, it was held no rape, and this evidently upon the ground of extreme improbability.

The crime under consideration, can, in the language of one the authorities, only be committed where there is on the part of her on whom the attempt is made, " the utmost reluctance, and the utmost resistance."

The *"passive policy"* or a mere *half-way* case, will not do.

It certainly must have been a *very amicable struggle* indeed, which would inflict no bruises on the girl; cause no outcries during its continuance, and leave the lighted lamp standing still upon the table; which in the effort for supremacy, was grasped by both contestants.

In a word, this was not the conduct of a woman jealous of her chastity, shuddering at the bare thought of dishonor, and flying from pollution. Had it not been for the *tell-tale crack* in the door, we doubtless would have never heard from this case.

The jury committed the very common error, of allowing the heinousness of the charge to hurry them on to the conclusion reached in their verdict. But *accusation* and *guilt* are not yet synonymous—some attention has still to be paid to the rules of evidence; and the court should not have permitted the verdict,

" Baseless as the fabric of a vision,"

Judgment reversed and cause remanded. The other Judges concur.