## THE STATE v. WILSON, *Appellant.*

**Rape :** FAILURE OF PROSECUTRIX TO MAKE COMPLAINT : INSTRUCTIONS. Upon the trial of an indictment for rape, it appeared that after the alleged assault defendant worked as usual for several days at the place, in the employment of the father of the prosecutrix, and for several months thereafter at a near neighbor's; that the prosecutrix was nearly seventeen years of age, and made no complaint for about five months, and not until her pregnancy could not be concealed, when she told her father of the alleged crime. *Held,* these facts entitled the defendant to have the jury instructed that the fact that the girl "made no complaint at the time, or within a reasonable time thereafter, and that pregnancy followed a single sexual connection," are legitimate objects of inquiry in determining the question of force or consent; and for the court to add to said instruction, "in connection with the other testimony," was calculated to mislead the jury, and to deprive defendant of the full benefit of the facts referred to.

*Appeal from St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

REVERSED.

*A. McElhinney* for appellant.

(1) The instructions given by the court did not cover all the law in the case. This they should have done. R. S., sec. 1908; *State v. Banks,* 73 Mo. 592; *State v. Brady,* 87 Mo. 142. The jury were not told that to constitute rape there must be the utmost reluctance, and the utmost resistance on the part of the prosecutrix. *State v. Burgdorf,* 53 Mo. 65. So the jury should have been told the effect of the prosecutrix not having made complaint or outcry immediately after the alleged rape. Roscoe's Crim. Evid. [7 Ed.] 879. (2) The court erred in refusing to give the instruction asked by defendant. (3) The judgment is not supported by the evidence.

*B. G. Boone*, Attorney General, for the state.

(1) To the admission or exclusion of testimony, defendant, at the time, saved no exceptions, and will not be heard to complain. *State v. Barnett*, 81 Mo. 119 ; *State v. McDonald*, 85 Mo. 539 ; *State v. Burk*, 89 Mo. 635. (2) The instructions are sufficiently comprehensive, and correctly declare the law. R. S., sec. 1253. (3) A judgment, even in a criminal case, will not be reversed on the ground that the verdict was against the evidence, unless there is a total absence of evidence, or it fails so completely to support the verdict that the necessary inference is that the jury acted from prejudice or partiality. *State v. Musick*, 71 Mo. 401 ; *State v. Warner*, 74 Mo. 38 ; *State v. Hammond*, 77 Mo. 159. (4) On the trial of an indictment for rape, where there was direct conflict between the testimony of the prosecuting witness, who testified to all the material facts necessary to establish the charge, and that of defendant, who testified in his own behalf, upon the question of her consent, it being the peculiar duty of the jury to determine the credibility to be attached to witnesses, this court will not interfere with the judgment if no error appears in the record to justify a reversal. *State v. Hert*, 89 Mo. 590.

NORTON, C. J.—Defendant was indicted, tried, and convicted of the crime of rape, in the circuit court of St. Louis county. From the judgment of conviction he appeals to this court, and for reversal of the judgment relies upon the ground that the verdict is against the weight of evidence, and that the court refused proper instructions asked by the defendant.

Cora Leis, a girl about sixteen or seventeen years old, upon whom it is alleged the outrage was perpetrated, testified substantially as follows : That on the twenty-fifth of July, 1885, she was living with her

father, who, with her mother, had on that day gone to the city of St. Louis; that her younger sister was at home with her younger brother, somewhere about the place; that while she was in the front bedroom, and her sister in the kitchen, she saw defendant in the only door leading from the room she was in and said to him, "what are you doing here?" to which he made no reply, and as she tried to pass him he caught her in his arms; that she cried out, and he said if she made any noise he would kill her; that he threw her on the bed, and when she again tried to cry out he put his hand on her mouth and said he would kill her; that he put his legs between her's and had connection with her; that she tried to prevent him, but could not; that a child was born of that connection on the eighteenth of April, 1886; that defendant, after this, remained for three or four days working on her father's place, as he had done for two or three months, and was then discharged; that her father and mother came home that evening, and she said nothing to either of them about what had happened, or to any one till about five months afterwards, when her father forced her to tell, and she then told him it was the defendant, and the time; that during these five months defendant worked at Mr. Pearce's, their nearest neighbor, and who lived, according to other evidence, about one hundred and twenty-five yards from her father's; that during this time she saw him frequently, but was afraid to tell, thinking that defendant was watching for her and would kill her as he had threatened.

Defendant, in his evidence, admitted that he had had connection with the prosecuting witness four times, but stated that she was always willing and fully consented thereto.

The defendant asked the following instruction, which was refused:

"Although the jury may believe, from the evidence,

that the defendant had intercourse with Cora Leis, yet, unless that intercourse was forcible on the part of the defendant, and against the consent of Cora Leis, the jury will find the defendant not guilty ; and, in arriving at a conclusion as to the question of force and consent, the facts that the said Cora Leis made no complaint at the time, or within a reasonable time thereafter, and that pregnancy followed a single sexual connection, are legitimate subjects of inquiry in determining whether there was force on the part of said defendant, or consent to the intercourse by the said Cora Leis."

The court gave this instruction in a modified form by adding after the word, "connection," when it last occurs in the instruction asked, the words, "in connection with the other testimony."

In view of the fact that the charge of rape is "an accusation easily made, hard to prove, and still harder to be defended by one ever so innocent," and the fact that after the occurrence defendant worked, as usual, on the place for several days, and for several months at a near neighbor's, the plaintiff making no complaint for about five months afterwards, when her pregnancy, no longer to be concealed, manifested itself, and bearing in this respect the same relation to this case as the "tell-tale crack in the door" did in the case of *State v. Burgdorf*, [53 Mo. 65; in view of these facts, and the further fact that it is scarcely to be believed that a girl nearly seventeen years of age, upon whom such an outrage as rape has been perpetrated, on being restored to the protecting care of father and mother a few hours after the occurrence, and thus relieved from the threats of the accused, would not at once have thrown herself, with her sad story, on their protection, and demanded the arrest and punishment of the offender, we are of the opinion that the instruction, as asked, should have been given, and that, under the circumstances of this case, we can

reasonably infer that the jury were misled by the modification made by the court, and that it tended to deprive defendant of the full benefit of the probative force of the facts above alluded to, and to the full benefit of which he was entitled under all the authorities. 3 Greenl. on Evid., sec. 212; Roscoe's Crim. Evid. [8 Ed.] 879.

The judgment is reversed and the cause remanded, in which all concur.