[Criminal No. 66.   Filed February 7, 1891.]

[28 Pac. 1134, *sub nom.* Kirby *v.* Territory.]

## TERRITORY OF ARIZONA, Respondent, v. JOSEPH KIRBY, Appellant.

1. RAPE—ASSAULT WITH INTENT TO COMMIT—EVIDENCE—COMPLAINT OF PROSECUTRIX.—In a prosecution for assault with intent to commit rape evidence that the prosecutrix made complaint should be limited to that fact. Evidence as to the details of such statement inadmissible.

2. APPEAL AND ERROR—RECORD—GRAND JURY.—The objection, raised for the first time on appeal, that the indictment was found by a grand jury of less than the statutory number of jurors, cannot be considered, as the statute limits the record, so far as the jury is concerned, to challenges to the panel or to individual grand jurors.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. Richard E. Sloan, Judge. Reversed.

Allen R. English, for Appellant.

The court erred in allowing the witness Mrs. Wilson to testify to conversations had with the prosecutrix, and to the statements made to the witness by the prosecutrix, shortly after the alleged assault was made, at the house of Mrs. Wilson, over the objections of defendant.

Mr. Wharton, in his work on Criminal Evidence (sec. 273) says: "In prosecutions for rape, where the injured party is a witness, it is material to show that she made complaint of the injury while it was yet secret. Proof of such complaint, therefore, is original evidence; but whether the statement made by the prosecutrix of details and circumstances is admissible has been doubted," and at section 264, he says: "The rule before us, however, does not permit the introduction, under the guise of *res gestæ*, of a narrative of past events, made after the events are closed, by either the party injured or by bystanders," citing a long list of American and English authorities. In his work on Criminal Law, (sec. 566) he says: " . . . the particulars of her complaint have been held not

to be evidence, except to corroborate her testimony *when attacked,*" and then he says further, "And in any view, such statements cannot be received as independent evidence to show who committed the offense," citing numerous authorities.

The evidence of prosecutrix had not been attacked—no witness for the defense had been sworn at the time Mrs. Wilson was permitted to narrate the statements—it was not in rebuttal, but was permitted to go to the jury as a part of the case in chief for the prosecution.

In the case of *People* v. *Ah Lee,* 60 Cal. 85, the supreme court reversed the judgment of conviction because the district attorney was permitted to ask the question of a witness, "Have you told all that you heard either of the parties (deceased or defendants) say at the time of the stabbing or immediately after?"

See, also, *People* v. *Swenson,* 49 Cal. 388; *People* v. *Ehring,* 65 Cal. 135, 3 Pac. 606; *People* v. *Wasson,* 65 Cal. 538, 4 Pac. 555.

In the case of *People* v. *Mayes,* 66 Cal. 597, 56 Am. Rep. 126, 6 Pac. 691, the defendant was convicted of rape, and the court, in reviewing all the authorities on the subject, quotes as follows from Russell on Crimes: ". . . it has been the invariable practice not to permit either the prosecutrix or the person so called to state the particulars of the complaint in chief." Following that case the same court, in 1885, in the case of *People* v. *Tierney,* 67 Cal. 55, 7 Pac. 37, says, in affirming this doctrine: "On the trial of the defendant, who was charged with the crime of rape, the prosecutrix was permitted, against the objection and exception of defendant, to give in evidence the particulars of the complaint which she testified she made to Mrs. Kiely shortly after the occurrence. This was held erroneous by this court in the recent case of *People* v. *Mayes,* 66 Cal. 597, 56 Am. Rep. 126, 6 Pac. 691. On the authority of that case the judgment and order are reversed and the cause remanded for a new trial."

See *People* v. *Davis,* 56 N. Y. 101; *Greenfield* v. *People,* 85 N. Y. 88, 39 Am. Rep. 636; *Waldele* v. *New York etc. R. R. Co.,* 95 N. Y. 274, 47 Am. Rep. 41; *People* v. *Simonds,* 19 Cal. 275.

In *Insurance Co.* v. *Mosely,* 8 Wall. 397, the narrative was

received, but it did not tend to criminate a third person, and the court there went to the extreme in permitting its admission. *People* v. *Davis,* 56 N. Y. 102.

And the great preponderance of American authorities is, that they are inadmissible where they tend to criminate a third person in his absence. Cases *supra,* and 1 Greenleaf on Evidence, sec. 119.

And the confession of a party that he is a bigamist is not admissible in suit between third parties. *Gaines* v. *Relf,* 12 How. 472; *Campbell* v. *Shivers,* 1 Ariz. 161, 25 Pac. 540; 7 Am. & Eng. Ency. of Law, p. 52, and note, and cases cited. Also showing that the particulars of the complaint are inadmissible.

Clark Churchill, Attorney-General, W. H. Stilwell, District Attorney, and Abram Humphries, for Respondent.

Exception is taken to the testimony of Mrs. Wilson as to "statements made by the prosecutrix to her, shortly after the alleged assault." There are many authorities which hold that such evidence is inadmissible, and there are many which hold that it is admissible. The leading case against the admission of such evidence is that of *Rex* v. *Bedingfield,* 14 Cox Crim. Cases, 341. The value of that case as an authority has been impaired by impeaching criticism, coming from the secular press, as well as the profession. And so violent were the assaults made upon it that the Lord Chief Justice of England, who wrote the opinion, deemed it necessary to defend his position in a pamphlet of twenty-four pages. Mr. J. Pitt Taylor (author of the Law of Evidence) replied to his Lordship's monogram in a three-column article in the London *Times.* Mr. Taylor says: "The cases of *Rex* v. *Foster,* and *Thompson* v. *Trevanion* are cited as unshaken decisions by Starkie, Phillips, Roscoe, Archibald, Goodsoe, Norton, and last, though not least, by Mr. Justice J. Fitzjames Stephen in his able Digest of the Law of Evidence." And these cases favor the admissibility of such evidence. Mr. Taylor cites no other cases. "I might," he says, "here add a cloud of other authorities, but I refrain, for if your lordship is not convinced by the authorities I have cited, neither would you be persuaded though I brought to your notice a dozen more."

Bedingfield's case is also criticised in an elaborate article in volumes 14 and 15 of the *American Law Review,* the article being written by Professor James W. Thayer, of the Harvard Law School.

In this country in the great majority of cases, the supreme courts have declined to pass upon the admissibility of such evidence, leaving it entirely to the discretion of the *nisi prius* court. And Greenleaf says that is the proper practice. 1 Greenleaf on Evidence, sec. 108.

There are a number of eminently respectable authorities which hold, without equivocation, that evidence, such as was· heard by the court below in this case, is entirely competent. The leading case is *Burt* v. *State,* 23 Ohio St. 204; followed by *Brown* v. *People,* 36 Mich. 204; *McDowell* v. *Goldsmith,* 6 Md. 319, 61 Am. Dec. 310; *Augusta Factory* v. *Barnes,* 72· Ga. 217, 53 Am. Rep. 839; *Galveston* v. *Barbour,* 62 Tex. 172, 50 Am. Rep. 519.

SLOAN, J.—The appellant was convicted at the special September term, A. D. 1890, of the district court of Cochise County, of the crime of assault with intent to commit rape. The principal assignment of error, and the one upon which appellant chiefly relies, relates to the admission in evidence of certain statements made by the prosecutrix as to the alleged assault made upon her by appellant, and the particulars thereof, soon after the offense, to one Mrs. Wilson. The record discloses that Mrs. Wilson was permitted, over objection, to testify somewhat in detail as to the statements made to her by the prosecutrix soon after the alleged assault as to what occurrred between her and the appellant. Although there is some conflict of authority as to the admissibility of such evidence in cases of rape or assault to commit rape, the great weight of authority, both in this country and in England, is against the admission of anything more than the fact that complaint was made of the injury by the prosecuting witness. The evidence of the complaint is not admitted as a part of the *res gestæ,* nor as evidence of the guilt of the defendant, but merely in corroboration of the prosecuting witness in the sense that it removes from her testimony a suspicion that might otherwise rest upon it, unless it were shown

that she did what would naturally have been done by a chaste woman under like circumstances,—-viz., made known the fact of the injury done her. Greenleaf, in his work on Evidence (vol. 3, sec. 2131), says: "Though the prosecutrix may be asked whether she made complaint of the injury, and when and to whom, and the person to whom she complained is usually called to prove that fact, yet the particular facts which she stated are not admissible in evidence, except when elicited in cross-examination, or by way of confirming her testimony after it has been impeached." To the same effect, see Roscoe on Criminal Evidence, sec. 23; 2 Bishop on Criminal Procedure, 963; 1 Phillips on Evidence, 184, and cases therein cited. In Ohio, followed by Michigan and a few other states, the rule is that it is in the sound discretion of the trial court, in allowing testimony as to the fact of complaint made by the prosecutrix, to permit particulars as to her statement; but, as we have before stated, the great weight of authority is in favor of the rule restricting such testimony upon the direct examination of the witness to the simple fact that she made complaint. We think the testimony of Mrs. Wilson as to details of the statement made to her by the prosecutrix relative to the alleged assault should have been excluded, and that its admission was prejudicial to the defendant. The appellant raises in this court for the first time the objection that the indictment was found by a grand jury composed of fifteen grand jurors, and not of the statutory number of not less than seventeen nor more than twenty-three. Our statute does not make the organization of the grand jury a part of the record, but, on the contrary, limits the record, so far as the grand jury is concerned, to challenges to the panel or to individual grand jurors. The question raised is not, therefore, before us upon this appeal.

For the error in the admission of evidence before mentioned judgment is reversed, and the cause remanded for a new trial.