[No. 796.   August 30, 1899.]

## TERRITORY OF NEW MEXICO, Appellee, v. MANUEL MALDONADO et al., Appellants.

### SYLLABUS BY THE COURT.

CRIMINAL LAW—RAPE—EVIDENCE—ADMISSIBILITY.—In prosecution for rape, the prosecutrix may be asked whether she made complaint of the injury, when and to whom, and the person to whom she complained may be called to prove the fact; but the particular facts stated by the prosecutrix are not admissible in evidence, except when elicited on cross-examination, or by way of confirming her testimony after it has been impeached.

*Appeal*, from a judgment of the Fourth Judicial District Court, San Miguel County, convicting the defendants of rape. Reversed and remanded; Leland, J., dissenting.

The facts are stated in the opinion of the court.

R. E. TWITCHELL for appellants.

It was error to permit the prosecutrix to testify as to the particulars of her conversation and acts at the house of Cruz Segura subsequent to the alleged commission of the crime. It was also error to permit Romero to testify as to the details of his conversations with the prosecutrix at the time she made complaint to him as an officer.   Ros. Crim. Ev. [8 Ed.] 45; Baccio v. People, 41 N. Y. 265; People v. Mayes, 66 Cal. 597; Johnson v. State, 21 Tex. App. 368; 3 Greenlf. Ev. 213; 1 Phil. on Ev. 233; 1 Russell on Crimes 688; People v. Hulse, 3 Hill 316; People v. McGee, 1 Denio 19; Stephens v. State, 11 Ga. 225; Whar. on Crim. Law, 1150; Oleson v. State, 38 Am. Rep. 366; Kirby v. Territory, 28 Pac. Rep. 1134; People v. Hicks, 56 N. W. Rep. 1102; People v. Gage, 28 Id. 835; Pefferling v. State, 40 Tex. 486; Bruce v. State, 21 S. W. Rep. 681; Reddick v. State, 34 Id. 274; State v. Carroll, 67 Vt. 447; State v. Thompson, 38 Ind. 40; State v. Laughlin, 18

Ohio 99; State v. Langford 14 Soth. Rep. 181; Brogy v. Com., 10 Grat. (Va.) 722; State v. Jones, 61 Mo. 232; State v. Ivins, 7 Vroom 233.

The court erred in permitting Romero to testify that the prosecutrix had identified the defendants at the jail as the men who had assaulted her.    Reddick v. State, supra, 276.

The statements made by the prosecutrix to the wife of Cruz Segura and to the policeman, Romero, were not a part of the res gestae.    1 Bish. Crim. Proc. 659; McKee v. People, 36 N. Y. 113, 116; State v. Wagner, 61 Me. 178; Patton v. People, 18 Mich. 314; State v. Robinson, 3 Tex. App. 256; State v. Abbott, 8 W. Va. 741; Haynes v. Comm., 28 Grat. (Va.) 942, 946.

❋    EDWARD L. BARTLETT, solicitor-general, for the territory.

All the details complained of by appellants were brought out by them on cross-examination, bringing this case exactly within the rules laid down in regard to this class of testimony in the cases cited by their counsel.    Oleson v. State, 11 Neb. 276; Reddick v. State, 34 S. W. Rep. 274, and citations.

The objection of appellants, that it was error to permit the policeman, Romero, to testify that the prosecutrix had identified the defendants at the jail as the men who assaulted her, might be well taken, under the decision in the Reddick case, supra, had the testimony been objected to at the time. There was no objection by defendants, and the error, if any, can not be considered.    Comp. Laws 1897, sec. 3145.

The statements by the prosecutrix to the wife of Segura and Romero were admissible to corroborate the testimony of the prosecutrix,as shown by the authorities cited by appellants; and if admissible for any reason, they were not to be excluded on account of a wrong ground being given.    11 Am. and Eng. Ency. of Law 266; Thorp on Charging Jury, 165.

The character of evidence objected to by appellants and instructions based thereon have been approved by this court. Territory v. Eddie, 6 N. M. 564.

MILLS, C. J.—The appellants were jointly indicted, tried and convicted of the crime of rape alleged to have been committed upon the person of Teodora Martines de Maestas. The prosecutrix testified that at half past nine o'clock in the evening of April 20, 1897, in a thickly populated part of Las Vegas, with neighbors living in close proximity to her residence, she was called to the door of her house, dragged out and forcibly ravished by the appellants, each one of whom she claimed accomplished his purpose. Other than the prosecutrix, there were no witnesses to the alleged violation of the person of the prosecutrix.

The prosecutrix testified that immediately after the alleged rape she went to the residence of a friend living just across the street, and told the woman of the house of the occurrence.

A witness for the territory, Ramon Romero, a policeman, over the strenuous objection of the appellants, was permitted to testify as to statements made by the prosecutrix and conversations had with her covering the particulars of the alleged assault an hour or so after it was claimed by her to have been committed. In making complaint of the assault the prosecutrix never made mention of the names of her assailants, although on the trial she claimed she knew and recognized them. The neighbor to whom she made complaint was a close friend of the prosecutrix. Other neighbors came in and to no one of them did she tell the names of her alleged assailants. Her reason for not telling who they were was that she did not want to disclose their identity at that time. Some time afterwards, and subsequent to the arrest of the defendants on a charge of disturbing the peace, a policeman was sent for to whom the prosecutrix also told her story and the names of two of her alleged assailants. She had known the appellants for several years. On the day following the assault she identified the appellants as the guilty parties. This was done at the county jail.

The only attempt at corroboration of the story of the prosecutrix was her testimony as to the clothes found upon the appellants when they were arrested.

The appellants denied the charge.   Their defense was an alibi and evidence  showing their whereabouts at the time of the alleged rape was not broken by any testimony on the part of the territory and was uncontradicted except by that of the prosecutrix.

The appellants contend as follows:

1.   That the trial court erred in permitting the prosecutrix to testify as to the details and particulars of her conversation and to her acts at the house of her neighbor, Cruz Segura, subsequent to the commission of the rape.

2.   That the court erred in permitting the witness, Ramon Romero, to testify as to the details of his conversation with the prosecutrix at the time she made complaint to him as an officer.

3.   That the court erred in permitting the witness, Ramon Romero, to testify that the prosecutrix had identified the appellants at the jail as being the men who had assaulted her.

4.   The statements and declarations made by the prosecutrix to the wife of Cruz Segura and Policeman Romero were not a part of the res gestae and their admission is assigned as error.

5.   To exclude the testimony of defendants' witnesses who were asked to testify as to statements made by the prosecutrix contrary to those given at the trial is assigned as error.

6.   The prosecutrix and the other witnesses for the territory were permitted to testify as to statements made by the prosecutrix subsequent to the alleged assault. . The witnesses for the defense were denied the right to testify as to these same statements and others made by the prosecutrix.   This also is assigned as error.

Other assignments are made which it is unnecessary to consider.

As to the first assignment it is contended by the territory that the prosecutrix only testified as to facts and circumstances connected with the assault—other than a mere complaint of the assault—upon cross-examination.

The record discloses the fact that upon direct examination the prosecutrix did go into details of her acts and conversations with Policeman Romero, and the other witnesses in chief for the territory were allowed, over the objection and exception of the appellants, to go into details of all statements made by the prosecutrix subsequent to the alleged assault.

CRIMINAL law: rape: evidence: admissibility.

Under the great weight of authority this was reversible error and the court so holds. The true rule is to admit nothing except the fact of the complaint. Roscoe's Crim. Ev. [8 Ed.], p. 45.

The particulars of the complaint are inadmissible on behalf of the prosecution. Baccio v. People, 41 N. Y. 265; People v. Mayes, 66 Cal. 597; Johnson v. State, 21 Tex. App. 368.

The prosecutrix may be asked whether she made complaint of the injury, when and to whom, and the person to whom she complained may be called to prove the fact; but the particular facts stated by the prosecutrix are not admissible in evidence, except when elicited on cross-examination, or by way of confirming her testimony after it has been impeached. Indeed, the complaint constitutes no part of the res gestae. People v. Hulse, 3 Hill 316; People v. Magee, 1 Denio 19; Steven v. State, 11 Ga. 225; Wharton on Crim. Law, 1150; Oleson v. State, 38 Am. Rep. 366, cases cited in note; Kirby v. Territory, 28 Pac. Rep. 1134; People v. Hicks, 56 N. W. Rep. 1102.

In the case of Riddick v. State, 34 S. W. Rep. 276, the court says:

"In prosecutions for rape or for assault with intent to commit rape, proof of the fact that the prosecutrix made complaint soon after the commission of the alleged crime is admissible and, indeed, is generally required; but the particulars

of the complaint can not be admitted in evidence as to the truth of her statement. The particulars stated, as to the violence used, or the person who committed the violence can not be received. The evidence should be confined to the bare proof of the fact that the complaint was made, and that an individual was charged without mentioning his name." Citing Reg. v. Walker, 2 Moody and K. 212. This precise question came up in Pefferling v. State, 40 Tex. 487, and the supreme court reversed the judgment upon the ground that the brother of the prosecutrix was permitted to swear to a detailed statement made by the prosecutrix (his sister). Judge Moore, speaking for the court, says: "it is, we think, well established by reason, as well as the great weight of authority, that proof of the particulars of the complaint and the detailed statement of the alleged facts and circumstances connected with it, as was permitted in this case in the court below, can not be admitted as original evidence, to prove the truth of the statement testified to by the injured party, or to establish the charge made against the prisoner."

We deem these citations amply sufficient to support the proposition that, as original testimony, nothing but the complaint and the parties to whom related as stated in the Indiana case (Thompson v. State, 38 Ind. 40), are admissible."

It appears from the direct testimony of the prosecutrix (Trans., pp. 7 and 8), that she went to the house of Cruz Segura and "his wife met me at the door and asked me what was the matter with me and I said "you are very unjust neighbors, three masked men have assaulted me." His wife asked me what did they do to you and I said to her "they did to me what they wanted to do, all they pleased." Then I went inside the house and requested the man in there to go to my uncle Timoteo Romero, and notify him of the occurrence and also notify the policeman." And again (Trans. p. 9), in answer to the question. "Now you may state what you stated to them then?" The prosecutrix, over the objection of the appellants was permitted to respond, "I went with them to my uncle's house and then I brought them to the house and showed them

the condition it left the room in from which I had been taken
out    *    *    *    and then they asked me if I could give any
clue to who the parties were who had assaulted me, and that
they would arrest them, and I told them that if I could see the
parties I would recognize them, but at that time I only knew
Pablo Lucero and Manuel Maldonado, and I could give them
a clue telling them the clothes they had on, and I gave the
policeman a description of the clothes and the policeman went
to make the arrest."

All of this and much more of the same kind of testimony
was permitted to go to the jury in the direct examination of
the prosecutrix over the objection of the defendants below,
and under the great weight of authority, we believe such ac-
tion on the part of the trial court to have been reversible
error.

The same reasoning and ruling applies in the assignment
relative to the permitting of the witness, Romero, to testify
as to the identity of the defendants at the jail by the prosecu-
trix as well as her own testimony in regard thereto.

This is held to be error in State v. Reddick, supra, where
the court says:

"The conduct of the sheriff, the fact that the prosecutrix
and the boy in the jail identified the defendant as the man
who committed the crime, were not a statement of complaint
of the prosecutrix soon after the transaction which had
already been made; and yet had been the first time that she
had recognized the defendant, it would have been clearly in-
admissible.    All that could have been proven was that she
complained of the outrage."

In the light of the almost universal authority condemn-
ing the admission of testimony such as was permitted in this
case, the case will be reversed and remanded for a new trial.

McFie, Parker and Crumpacker, JJ., concur; Leland, J.,
dissenting.