BONIFACIO MARES, Appellant, v. THE TERRITORY OF NEW MEXICO, Appellee.

SYLLABUS BY THE COURT.

1.  CRIMINAL LAW—RAPE—PROOF REQUIRED—NECESSITY OF CORROBORATION.—On the trial of an indictment for rape where the accused testifies in his own behalf and denies the accusation there must be some corroborating evidence or circumstance however slight, or a reasonable probability of the truth of the assault to justify a conviction.

2.  RAPE—CHARACTER OF RESISTANCE REQUIRED.—There must be a re-
sistance on the part of the prosecutrix and it must be forcibly over-
come by the defendant; there must be the utmost reluctance and
the utmost resistance; the resistance must be up to the point of
being overpowered by actual force.

3.  RAPE—DISCLOSURE WHEN NOT A CORROBORATING CIRCUMSTANCE.—
A disclosure of the assault for the first time by the prosecutrix
four months after its occurrence has no value whatever as a cor-
roborating circumstance.

*Appeal* from a judgment of the District Court of San
Miguel County, convicting defendant of rape.   Reversed
and remanded.

Statement of the case by the court.

The rape complained of appears from the testimony of
the prosecutrix to have taken place after seven o'clock in
the morning, in the early part of December, after daylight,
in a butcher shop, where the prosecutrix had gone for the
purpose of trading.   The butcher shop was on one of the
principal streets in the City of Las Vegas, and consisted of
a main business room 22x24 feet, and a small adjoining
room 7x7 feet.   The front of the shop came up to the side-
walk and consisted of two large windows, which were un-
curtained and commanded a full view of the interior of the
large room, and of the door leading into the smaller room.
It appears that it was the custom of many people to fre-
quent this shop for the purpose of trading, from the time
the shop was opened, at half past six, throughout the morn-
ing.   Prosecutrix testifies that the accused waited on her,
wrapped up her order, came quickly around the end of the
counter, locked the front door, and then took hold of her
and pushed her fifteen or eighteen feet across the large
room into the small adjoining room, threw her down and
ravished her.   The prosecutrix was twenty-two years of
age, had been in continuous service two and a half years as
a domestic in an American family, and went home to her
mother, who was a Mexican, every night; she said noth-
ing with reference to the alleged assault or outrage to either
her mistress or mother until she was ill from a miscarriage

of twin foeti, some four months thereafter. She made no outcry whatever, nor does it appear that there were any marks on her person or clothing. The accused denied the assault and outrage, and all of the allegations of the prosecutrix.

GEO. P. MONEY for appellant.

The complaint by prosecutrix has no legal value whatever in a rape case unless it is the natural result of the horror and sense of wrong which would induce an outcry or complaint in the first opportunity. Territory v. Maldonado, 58 Pac. 350; 9 N. M. 629; P. v. O'Sullivan, 10 N. E. 880, 884; Stevens v. P., 41 N. E. 858; Greenleaf Ev., Sec. 212, 213; 2 Bish. Crim. Pro. 693 (1 Edition); Lowe v. State, 25 S. E. 676; P. v. Lambert, 52 Pac. 308, par. 1.

3. Corroboration of the prosecutrix is necessary, the defendant having denied the act altogether. Stevens v. People, supra; Lowe v. State, 25 S. E. 676; State v. Patrick, 17 S. W. p. 670, par. 4, 671, 672, 673; S. v. Connolly, 59 N. W. 481; P. v. Lambert, 52 Pac. 308, par. 1; P. v. O'Sullivan, 10 N. E. 884; Thompson v. State, 26 S. W. 988; Sowers v. Territory, 50 Pac. 257; S. v. Cassidy, 52 N. M. 1; Rhem v. S., 16 S. W. 338; Kennon v. State, 42 S. W. 376; Bohlmann v. S., 74 N. W. 343; O'Boyle v. S., 75 N. W. 989; Seymour v. S., 30 S. E. 263; Simmons v. S., 27 S. E. 756.

EDWARD L. BARTLETT, Solicitor General, for the Territory.

McMILLAN, J.—On a conviction of rape, where there is no corroborating evidence, nor a single corroborating circumstance, and where none of the incidents testified to as attending the commission of the offense are within the domain of reasonable probability, the affirmance of the conviction would be to establish a dangerous precedent.

We are of the opinion that there is not sufficient evidence on the part of the prosecution to justify this conviction. There should be some corroborating evidence or circumstance, however slight, or a reasonable probability of the truth of the assault, to justify a verdict of guilty. There is not, in the

whole case, any corroborating evidence, nor a single corroborating circumstance, and the probability of the commission of the alleged offense is so far outside of the domain of reason that there was absolutely nothing for the consideration of the jury except the bare improbable statement of the prosecutrix.

It is not probable that an employee in a butcher shop, located on a busy thoroughfare, and having large windows, uncurtained, giving a full view of the shop from the sidewalk, would, in the day time, and at an hour of the day when people are accustomed to come to the shop to trade, assault and ravish a customer.

CRIMINAL law: rape: proof required: necessity of corroboration.

It is not probable that a female twenty-two years of age, in such a place, while being pushed fifteen to eighteen feet toward an adjoining room, by a man about to ravish her, would not make an outcry, and resist, if she desired to protect her virtue.

It is not probable that a woman of the mature age of the prosecutrix, who was with her mistress in the day time, and her mother at night, would allow such an assault to go uncomplained of to one or the other until she was ill from miscarriage, four months after the alleged occurrence, if she were an innocent victim.

It is not probable that a female, having a miscarriage, and charged by her mother with wrongdoing, would not lay the offense at the door of another to shield herself.

It is unnecessary to notice any of the errors assigned against the verdict of conviction except the 21st, to wit, "The verdict is against the law," and the 22nd, to wit, "The verdict is against the evidence," it appearing from the record that there is not sufficient evidence to justify the conviction.

The complaint made to her mother, by the prosecutrix, four months after the alleged assault, and wrung from her at a time when she was ill from miscarriage, has no value whatever as a corroborating circumstance. "A disclosure in the case of rape has no value whatever unless it is the natural result of the horror and sense of wrong which would prompt any virtuous female to make an outcry at the first suitable opportunity." People v. Sullivan, 104 N. Y. 481. In 1 Hale's Pleas of Crown, 632, it is said: "Complainant must make

fresh discovery and pursuit of the offender, otherwise it carries a presumption that her suit is but malicious and feigned." In 1 East's Pleas of the Crown, 445, it is said that the evidence of the complainant "is confirmed if she presently discovered the offense and made pursuit of the offender; and that her evidence is discredited if she concealed the injury for any considerable time after she had opportunity to complain." In Matthews v. State, 19 Nebr. 330, the Chief Justice, writing the opinion of the court, says: "The law presumes that a woman who has suffered the indignity and brutality of a rape will not submit in silence to the wrong, but will at once take the necessary steps to bring the offender to justice. * * * * If the act is committed with force, and against the will, there is great probability that some marks will be left upon the person, or the clothing, or both, as evidence of the struggle; and if she make complaint at the first opportunity these facts tend to corroborate her testimony that the offense was committed by some one. If no marks are left upon the person or clothing, and no complaint is made at the first opportunity, a doubt is thrown upon the whole charge, and unless the testimony of the prosecutrix is corroborated on material points, when the accused testifies in his own behalf and denies the charge, the testimony of the prosecutrix alone is not sufficient to warrant a conviction."

"A conviction for rape should not be sustained upon the unsupported testimony of the woman injured, and who did not divulge the outrage for several weeks after it was perpetrated." Topolank v. State, 40 Texas, 160.

The fact that she made no outcry at the time the assault was made, is a circumstance which can not be overlooked. It was made substantially in a public place, where people were accustomed to come at that hour, and where full view of the room where it is alleged the accused first assaulted the prosecutrix could be had from the sidewalk. It is true the prosecutrix testifies on direct examination, "I didn't say anything at all, because he told me not to say anything, because if I did say anything he would kill me." But in the light of her subsequent testimony upon this question no weight can be given

to the alleged threat. In cross-examination she testified, "He did not say a word to me; if he did I did not hear him, I am hard of hearing. Q. Did you call out? A. I did not, because I could not make an outcry. Q. Did he have his hand over your mouth? A. No; but he was on top of me, and I could not speak or halloo. Q. He wasn't on top of you until after you got into the room? A. At that moment he jumped on me. Q. Now, from the time he locked the front door and took hold of you and pushed you into this room there was no reason why you could not halloo or cry out, was there? A. I could not call out, and there was nobody around to cry out to. Q. There was nothing to prevent you from hollering out from the time he got hold of you until he got you into the small room, was there? A. There was nobody about, and on account of the surprise I could not cry out." An outcry in such circumstances, if the prosecutrix were an unwilling participant, would have been intuitive and natural; it would have been the involuntary scream for assistance in impending danger. The outcry is not the result of consideration or deliberative thought. It is always impetuous, and in the feminine nature it is natural and immediate where there is a desire for assistance or protection. There is also a correlative implanted in the heart of every human being to respond to the outcry for aid without hesitance or deliberation. Surprise never paralyzes the feminine tendency to scream when danger seems imminent.

There is also an absolute lack of testimony on the part of the people tending in the least degree to show any resistance on the part of the prosecutrix. All she says on this subject on direct examination is: "He turned around the counter right quick, and went to the door and locked the door, and took hold of me at once and took me into another room." On cross-examination she was asked: "Did you make any resistance? A. No, sir. Q. What did you say to him when he started to raise up your clothes? A. I told him he was a rough fellow; I pushed him back and would kick at him, and done the best I could to defend myself." It does not appear anywhere in the testimony that the sexual act was by force or against her will, nor is there any evidence

RAPE: character of resistance required.

that "her resistance was forcibly overcome," as required by
the statute. There is not even testimony enough to bring the
case within the more moderate language of the indictment,
wherein it is charged that the defendant "violently, without
her consent," did ravish, etc. To constitute the crime of rape
under our statute there must be "resistance," and it must be
"forcibly overcome." And this must appear by the evidence,
to justify a conviction. It is not sufficient that the carnal act
be violently accomplished, or that it be without her consent;
the lack of consent may be mere reluctance, and a violent
accomplishment of the carnal act without consent merely, is
hardly more than to say that the act was violently done. "It
must appear that she showed the utmost reluctance, and used
the utmost resistance." Don Moran v. People, 25 Mich. 256.
"The resistance must be up to the point of being overpowered
by actual force." People v. Dohring, 59 N. Y. 382. In State
v. Burgdorf, 53 Mo. 65, it is said: "The crime under con-
sideration can, in the language of one of the authorities, only
be committed where there is on the part of her on whom
the attempt is made, the utmost reluctance and the utmost
resistance." In Oleson v. State, 11 Nebr. 276, it is said:
"There was no testimony tending to corroborate the statements
of the prosecutrix that the defendant resorted to force, and
the fact that she made no outcry or resistance such as the law
requires, renders the proof insufficient to establish the charge."
Bronson, J., in People v. Hulse, 3 Hill, 309-316, says: "In
such cases, although the woman never said 'yes,' nay, more,
although she constantly said 'no,' and kept up a decent show of
resistance to the last, it may still be that she more than half con-
sented to the ravishment." In Matthews v. State, 19 Nebr.
330, the accused was convicted of rape on the testimony of the
prosecutrix, who stated that she lived alone at the time of the
offense, in a shanty, in North Bluff Precinct; that her hus-
band had been dead two years; that her nearest neighbor was
eighty rods distant. That on the morning of the day in ques-
tion the accused, after shoveling snow about the shanty, and
bringing in wood, came in and asked her to lay on the bed.
She refused, and he then took her around the waist and threw
her on the bed and assaulted her. She says: "I tried to get

away, but I could not. I used all the strength I had to get away from him, but I could not." In this case the Court says: "The testimony fails to show such resistance on the part of the prosecutrix as would constitute the offense. All that she testifies to may be true, and still the act not have been against her will. The proof, therefore, fails to establish the charge."

The prosecutrix neither gave the day of the week nor the day of the month on which the assault occurred; the nearest she fixed the time was "two weeks before Christmas." Yet in remarkable contrast she

RAPE: disclosure when not a corroborating circumstance.

was able to testify that the clock was striking seven when she left the house to go to the butcher shop on the occasion in question. It was of some moment to the defendant to know the day on which the assault is alleged to have taken place; and it would seem as natural and probable that the prosecutrix should have as fixed and definite a recollection of the day on which she claimed she was ravished, as she would of the eighth of April, the day on which she had the miscarriage, or of the striking of the clock as she left the house a few moments before the alleged assault. These incidents, when considered with other testimony of the prosecutrix, lead to the conclusion that the whole charge is of doubtful probability; indeed there is some of the testimony of the prosecutrix too vulgar to be repeated. It indicates such a degree of familiarity with the depraved parlance of the street and the brothel that the conclusion is imperative that she had an experience of the world not limited to the single alleged incident at the butcher shop. When asked if she had not been to the butcher shop a number of times, she replies: "I had gone there many times, but he never had anything to do with me until last winter." This is not an answer likely to be given by a person having, but a single experience; it is more in accord with a season of wrong-doing that may have resulted in twin *foeti*.

It is difficult to imagine a case more barren of facts essential to justify a conviction. There was no outcry, although the assault is alleged to have been in a public place; there were no marks on her person or clothing; there is no

evidence of resistance on the part of the prosecutrix, nor of force on the part of the accused; there was no complaint to her mother or her friends for four months after the alleged occurrence, and not until she was ill from miscarriage.

On the trial of an indictment for rape, where the accused testifies in his own behalf and denies the accusation, there should be some corroborating evidence or circumstance, however slight, or a reasonable probability of the truth of the assault, to justify a verdict of guilty. In Matthews v. State, *supra,* the Court says: "Under our statute the accused is permitted to testify in his own behalf, and in that regard the statute has changed the common law rule that where his testimony expressly denies that of the prosecutrix she must be corroborated to authorize a conviction." In People v. Benson, 6 California 221, the accused was convicted of rape on a girl of thirteen years of age who lived in his family. She made no outcry, as defendant said he would kill her if she told anyone; she resisted, but did not tell defendant's wife. In this case the Court says: "There is no class of prosecutions attended with so much danger, or which affords such ample opportunity for the free play of malice and private vengeance. In such cases the accused is almost defenseless, and courts, in view of the facility with which charges of this character may be invented and maintained, have been strict in laying down the rule which should govern the jury in their finding.  *  * * The case before us is supported alone by the evidence of the prosecutrix, a young, ignorant girl, 13 years of age, and is so improbable of itself as to warrant us in the belief that the verdict was more the result of prejudice and popular excitment than the calm and dispassionate conclusion upon the facts by twelve. men sworn to discharge their duty faithfully. * * * We are led to the belief that had it not been for some misapprehension of the rule established by this Court regulating the granting of new trials in the court below, the verdict would never have been allowed to stand. A conviction upon such evidence would be a blot upon the jurisprudence of the country, and a libel upon jury trials." In State v. Chapman, 88 Iowa 254, the indictment was for rape; verdict for assault with intent to commit rape. The prosecutrix was nineteen years of age, had known defendant for three

years, and was going with him on foot to her home about six miles distant. They were seen by two witnesses walking down the railroad-track together; she testified that he proposed they go across the fields to make the route shorter; she hesitated, and finally consented. While crossing the fields he made improper proposals to her. She walked away and left him. He called her back to talk further, and she came. He renewed his proposal; she refused, they bantered, he threw her down, and, against her wishes, had improper relations with her. She endeavored to free herself and escape. The Court says: "Her failure afterwards to make known the occurrence until her delicate situation made it necessary to tell her mother * * * and her entire conduct before and after the affair presents a state of facts so inconsistent with her forcible defilement that we think the verdict without sufficient support." In Topolank v. State, *supra,* the accused came to the house of the prosecutrix while her father and mother were away. She was twenty-one years of age. She resisted, and cried, until exhausted. The accused threatened to kill her if she disclosed the assault. She was delivered of a child. No complaint was made for more than three months after the wrong is said to have been done, and about three and one-half months before her child was born. The Court says: "It would seem that the defendant was convicted alone on the testimony of the female alleged to have been injured, and unsupported by other evidence, and not corroborated by circumstances. * * * Though she was legally competent as a witness, these circumstances diminish the credit to be given to her testimony, and leave the question of the defendant's guilt in so much doubt that the jury were not authorized to render any other verdict than that of not guilty; and although the Court cannot express any opinion as to the weight of evidence, nor sum up the testimony on the trial before the jury, as they are the exclusive judges of the fact, yet on a motion for a new trial it is the duty of the Court to set the verdict aside when it is contrary to the law and the evidence." In State v. Connelly, 57 Minn. 482, the defendant was convicted of the crime of rape upon a girl of the age of seventeen years. The defendant was a priest, and resided in an adjoining house. She

testified that while she was on the porch of her own house the defendant called her over to give her some pictures to put in her prayerbook; that he took her upstairs into his bedroom; that he gave her some whisky in which he put some stuff out of a little bottle; that she drank it, got weak, and began falling over a little; that he picked her up and put her on the bed and ravished her; that she resisted all she could, and hurrahed; that he accomplished his purpose by force; that he threatened to kill her if she told, and took his revolver from the bureau and pointed it at her at the time. This was March 19. She told no one until May 25 following. The Court says: "But the more vital question is whether the evidence was sufficient to warrant a conviction. There is no rule of law which forbids a jury to convict of rape on the uncorroborated evidence of the prosecutrix, provided they are satisfied beyond a reasonable doubt of the truth of her testimony; the courts have always recognized the danger of convicting on her uncorroborated evidence. Where the testimony of the prosecutrix is uncorroborated, and bears some intrinsic evidence of improbability, courts have sometimes refused even to submit it to the jury. Verdict set aside, and new trial granted."

The case at bar does not present the question of the weight of evidence, nor of harmonizing conflicting testimony, nor of determining the credibility of witnesses. It is solely a question of the sufficiency of the testimony to justify a conviction. While this Court has held, in Territory v. Webb, 2 N. M. 147-157, that under the rules governing the judicial administration of the criminal laws of this Territory this Court can only review and determine errors of law appearing upon the face of the record, it is quite beyond the scope of its duty to determine the credibility of witnesses testifying in the lower court, the weight of their testimony, aside from the law of the evidence, or the reconciliation of conflicting testimony; but they have also held in the same case and in the same connection that "cases, however, might arise wherein there might be some evidence to sustain every material allegation of the indictment, yet at the same time the evidence might be so very slight as to justify an appellate court in reversing the judgment thereon." In Owens v. State, 35 Texas, 361, the Court

says: "Cases not infrequently come into this Court where a new trial has been refused, in which the weight of evidence is clearly against the verdict, or is so weak as to leave every correct and sound mind in doubt of the guilt of the accused. In all such cases the district court should grant a new trial; and unless done this Court will be compelled to relax its rules and reverse every judgment which we find rendered on lame and unsupported verdicts."

On the whole case the evidence is so slight, so weak, and so insufficient, and much of it is so doubtful, and all of it without a corroborating circumstance, that the verdict must be set aside and a new trial ordered.

Crumpacker and McFie, JJ., concur.

I concur in the result on the ground that there is no evidence of resistance on the part of the prosecutrix or of force on the part of the accused such as is required to support the verdict.

Parker, J.