242 P.2d 1002

**STATE v. BACA.**

No. 5447.

Supreme Court of New Mexico.

April 10, 1952.

Filo M. Sedillo, Belen, for appellant.

Joe L. Martinez, Atty. Gen.; Hilario Rubio, Asst. Atty. Gen., Frank B. Zinn, Asst. Atty. Gen., for appellee.

SADLER, Justice.

The defendant was convicted of statutory rape and sentenced to a term of thirty-five to fifty years in the state penitentiary. He prosecutes this appeal from the judgment and sentence so rendered against and pronounced upon him.

The prosecuting witness was a young girl, only five months past her fourteenth birthday, who resided with her parents at the small settlement of Atarque in Valencia County. Her father owned and operated a ranch near Fence Lake some seven miles from the family home and the wife, mother of the prosecuting witness, frequently accompanied him there to assist in ranch chores. This happened to be the case on or about November 27, 1950, the day the offense charged was committed. The prosecuting witness had remained home from school that day to do the family washing and was there alone in mid-afternoon of the day when defendant, a neighbor about forty years of age who resided nearby, called at her home to borrow an axe. She located and handed him the axe which he took and departed.

It was not long after defendant borrowed the axe that he returned it. Undoubtedly the fact that the prosecuting witness was alone in the house had not escaped his attention. It was upon his return that he engaged in an act of sexual intercourse with her on a bed in one of the bedrooms. The defendant left the bedroom and went to the kitchen upon completion of this act. The mother and father of the witness must have returned from the ranch shortly thereafter since that is where the mother found both the defendant and her daughter upon entering the kitchen, the former seated near the stove drinking coffee and the daughter, prosecuting witness, standing at the stove nearby.

The mother noticed nothing unusual in the daughter's appearance or demeanor at the time, nor was there anything in the condition of the bed occupied by defendant and her daughter to attract her attention, the latter having testified in answer to an inquiry on the subject on cross-examination, in effect, that she had rearranged the covers on the bed.

So matters stood until February 15, 1951, when the prosecuting witness was brought home sick from the school she attended by the principal and her brother. Then, for the first time, she informed her mother that

she was pregnant and that the defendant was responsible for her condition. Later in the evening of this same day she told again, both her mother and father being present, of the act of sexual intercourse in November, nearly three months previously and charged defendant with being the father of her expected child. She asserted, also, that she had not engaged willingly in the act of intercourse with him. At the time of the trial the child was yet unborn, although the condition of pregnancy of the prosecuting witness must have been obvious to the jury when she testified.

Notwithstanding protestations of the prosecuting witness that the defendant forced her to have intercourse with him, the evidence is quite satisfying that she consented to the act, in so far as she was capable of consenting. Indeed, the attorney general does not seriously contend otherwise and both the state and defense treat this a case of statutory rape. As said in State v. Richardson, 48 N.M. 544, 154 P.2d 224, 229, which was also a case of statutory rape:

> "She (prosecuting witness) may not hesitate to testify to intercourse; but reluctantly, if at all, will she admit that she consented thereto."

And we quoted approvingly in that opinion from State v. Morang, 132 Me. 443, 172 A. 431, being still another case of statutory rape, language applicable to the facts in the Richardson case which we deem applicable here, too, to-wit:

> "Stress is laid on the fact that the girl claims she was forced to submit, and it is argued that the situation of the parties prevented intercourse unless both were willing. The prosecutrix, although she resisted at first, may have finally become passive. Her claim of resistance may be entirely false. The jury, however, were undoubtedly aware, as all men know, that a young girl, when discovered in her shame, often seeks refuge in a story of unwilling submission to force. * * * They were not bound to reject her entire testimony because her story of the use of force seems doubtful."

The primary question for decision is, then, whether the trial court erred in permitting the mother of the prosecuting witness to take the stand and relate what her daughter told her when the latter's pregnancy forced disclosure, namely, that the defendant at the time mentioned, had sexual intercourse with her and was the father of her yet unborn child. Actually, defendant also assigns error in the same particular as to testimony by the father of the prosecuting witness. But if we read the record correctly, after the district attorney by obviously leading questions already had gotten the matter before the jury, the court sustained an objection by defense counsel and instructed the jury to disregard any

statements made by prosecutrix to her parents. The father was never again placed on the stand as a witness.

However, the mother was brought on as a witness and she testified that the daughter had told her on February 15, 1951, when brought home from school by the principal and her brother, that she was pregnant and that defendant was responsible for her condition. Counsel for the defendant objected again as he did when the father was on the stand, upon the ground the testimony sought to be elicited was not a part of the res gestae and was too remote to be admissible as an exception to the hearsay rule. He was overruled and so the question is squarely put. If the objection be well taken, the defendant is entitled to a new trial.

The trial court erred in permitting the mother as a witness to relate in evidence over defendant's objection details of the complaint made to her by her daughter, the prosecutrix, including the identity of the one she accused of abusing her. Territory v. Maldonado, 9 N.M. 629, 58 P. 350; State v. Ellison, 19 N.M. 428, 144 P. 10; State v. Shults, 43 N.M. 71, 85 P.2d 591. One of the earliest cases on the question in this jurisdiction is Territory v. Maldonado, supra [9 N.M. 629, 58 P. 351], a case of common-law rape. The court had this to say on the subject, to-wit:

"The prosecutrix may be asked whether she made complaint of the injury, when and to whom, and the person to whom she complained may be called to prove the fact; but the particular facts stated by the prosecutrix are not admissible in evidence, except when elicited on cross-examination, or by way of confirming her testimony after it has been impeached. Indeed, the complaint constitutes no part of the res gestae. People v. Hulse, 3 Hill [N.Y., 309] 316; People v. Magee, 1 Denio [N.Y.] 19; Steven [Stephen] v. State, 11 Ga. 225; Whart. Cr.Law, 1150; Oleson v. State, [11 Neb. 276, 9 N.W. 38] 38 Am.Rep. 366, cases cited in note; Kirby v. Territory, [3 Ariz. 288] 28 P. 1134; People v. Hicks, [98 Mich. 86] 56 N.W. 1102."

The court quoted approvingly from the case of Reddick v. State, 35 Tex.Cr.R. 463, 34 S.W. 274, 275, the main body of what follows, to-wit:

"Mr. Phillips (volume 1, p. 149, Cow. & H. & E. Notes) says: 'In prosecutions for rape or for assault with intent to commit rape, proof of the fact that the prosecutrix made complaint soon after the commission of the alleged crime is admissible, and indeed is generally required; but the particulars of the complaint made cannot be admitted in evidence as to the truth of her statement. The particulars stated, as to the violence used or the person who committed the violence, cannot be received. The evidence should

be confined to the bare proof of the fact that the complaint of personal violence was made, and that an individual was charged, without mentioning his name,'—citing Reg. v. Walker, 2 Moody & R. 212; Rex v. Wink, 6 Car. & P. 397; Reg. v. Megson, 9 Car. & P. 420; Reg. v. Osborne, 2 Car. & M. 622; Reg. v. Nicholas, 2 Car. & K. 248. This precise question came up in Pefferling v. State, 40 Tex. [486] 487; and the supreme court of this state reversed the judgment, upon the ground that the brother of the prosecutrix was permitted to swear to a detailed statement made by the prosecutrix (his sister). Judge Moore, speaking for the court, says: 'It is, we think, well established by reason, as well as the great weight of authority, that proof of the particlars of the complaint and the detailed statement of the alleged facts and circumstances connected with it, as was permitted in this case in the court below, cannot be admitted as original evidence to prove the truth of the statement testified to by the injured party, or to establish the charge made against the prisoner.' What was said by this court in Ruston's Case (Ruston v. State), 4 Tex.App. 432; Fulcher's Case (Fulcher v. State), 28 Tex.App. 471, 13 S.W. 750; Rippey's Case (Rippey v. State), 29 Tex.App. [37] 38, 14 S.W. 448; and Bruce's Case (Bruce v. State), 31 Tex.Cr.R. 590, 21 S.W. 681,

—in so far as they antagonize the rule here laid down, is expressly overruled."

After citing and reviewing several authorities, the following conclusions were announced in the Maldonado case, to-wit:

"We deem these citations amply sufficient to support the proposition that, as original testimony, nothing but the complaint and the parties to whom related, as stated in the Indiana case (Thompson v. State, 38 Ind. [39] 40), are admissible."

See, also, Underhill on Criminal Evidence (4th Ed.) 1255–1256.

■ Of course, if the complaint constitutes a part of the *res gestae,* as where it is made by the prosecutrix shortly after the offense, not only the fact of complaint but the complaint itself may be admitted, including the details. State v. Ellison, supra. In the opinion in the case just cited a somewhat extensive analysis of the rules governing the admission of complaints in rape cases is to be found including lengthy quotations from Wigmore on Evidence on the subject. We have never departed from the rule touching admissibility of details of a complaint announced in State v. Maldonado, as shown by the somewhat recent case of State v. Shults, supra.

Indeed, what the state was here relying upon as a "complaint" was not a complaint at all but rather a mere explanation of the daughter's condition of pregnancy brought

out in response to questions put to her by the mother as to the nature of her "sickness" on being brought home from school by the principal and her brother. See Cunningham v. People, 210 Ill. 410, 71 N.E. 389, and State v. Bebb, 125 Iowa 494, 101 N.W. 189, both cited and discussed in State v. Ellison, supra.

Apparently, the trial court admitted testimony by the mother of the details told her by the daughter upon the theory that such details served to confirm testimony of the prosecutrix after it had been impeached on cross-examination. This is demonstrated by the comment of the trial judge at the conclusion of the mother's testimony which ended with her cross-examination. He stated:

"The Court: Let the record show that the previous testimony was allowed in on other grounds, to combat the cross examination."

But the only respect in which testimony of the prosecutrix was impeached, as we view the record, was in her testimony denying that she consented to the act of intercourse. Legally, she could not consent, being below the age of consent. This was not impeachment in the sense contemplated by the rule which permits details of the complaint to go in even though not a part of the res gestae. It was impeachment on an immaterial issue and that is not enough to let in proof of the details.

In view of the necessity for a retrial of this case we may as well announce here and now that under facts already developed, beyond testifying the prosecutrix disclosed to her parents on coming home from school "sick" on February 15, 1950 the obvious fact of her pregnancy, any other testimony from them of what she told them would be pure hearsay and inadmissible, "except when elicited on cross-examination, or by way of confirming her (the prosecutrix') testimony after it has been impeached." Territory v. Maldonado, supra. Of course, they (the parents) could give independent testimony of what they saw and observed upon returning home on the day fixed by prosecutrix as that on which the offense took place, if pertinent and material, but not what the daughter told them at that or any other time, beyond the obvious fact of her pregnancy.

It is next urged that the verdict of guilty returned by the jury lacks substantial support in the evidence. The record fails to show that defendant challenged below the sufficiency of the evidence to support a verdict against him by motion for directed verdict of acquittal. In the absence of a challenge to sufficiency of the evidence in this respect below, a defendant is in no position to urge it here for the first time as a matter of right. State v. Hunter, 37 N.M. 382, 24 P.2d 251.

This claim of error is not seriously argued, counsel for defendant doubtless

recognizing that corroboration, in the traditional sense, of the statements of the prosecutrix is not essential to conviction of rape in New Mexico. State v. Shults, supra, and State v. Walton, 43 N.M. 276, 92 P.2d 157. While this is true, nevertheless, if the state would avoid having a conviction set aside as one based on an inherently improbable story, it must have in the evidence some of that type of corroboration in the facts and circumstances mentioned in Mares v. Territory, 10 N.M. 770, 65 P. 165; State v. Shults, supra; and State v. Ellison, supra, the absence of which in the Mares case, in State v. Armijo, 25 N.M. 666, 187 P. 553, and in State v. Clevenger, 27 N.M. 466, 202 P. 687, accounts for the holding in each that the story of prosecutrix was inherently improbable.

In view of the fact that a new trial is being awarded, upon which the evidence undoubtedly will differ in some respects, a decision by us on the present record of defendant's challenge to sufficiency of the evidence to support the verdict would be of no avail, even if the question had been properly reserved below, as it was not.

It follows from what has been said that the judgment reviewed should be set aside, as erroneous, and the cause remanded to the district court with a direction to it to award defendant a new trial.

It is so ordered.

LUJAN, C. J., and McGHEE, COMPTON and COORS, JJ., concur.