# REPORT OF CASES

## DETERMINED IN THE

# SUPREME COURT

## OF THE STATE OF NEW MEXICO

### JANUARY TERM, 1920

(No. 2449.   Feb. 2, 1920.)

## STATE v. ALFORD.

### SYLLABUS BY THE COURT. ·

1.   In a prosecution for a single unlawful sale of liquor, evidence of other sales is ordinarily inadmissible.   P. 1

2.   When counsel fails to object to erroneous evidence until after it is given, ordinarly he cannot complain in this court of its erroneous admission.   P. 1

Appeal from District Court, Union County; Leib, Judge.

Alvin Alford was convicted of unlawfully selling intoxicating liquors, and he appeals.   Affirmed.

O. P. EASTERWOOD, of Clayton, for appellant.

Evidence of other illegal sales by appellant was inadmissible.

State v. Star, 173 Pac. 676; State v. Graves 21-556; State v. Pino 21-660.

O. O. ASKREN, Attorney General, for the State.

Evidence of other illegal sales was admissible.

2 Woolen & Thornton on Int. Liq. Sec. 931.

OPINION OF THE COURT.

PARKER, C. J.   The defendant was convicted of un lawfully·selling liquor on the 26th day of January, 1919 The prosecution showed by a Mrs. Flora Harlan that on that day the defendant had sold one pint of whisky to one Guy Good.   The said Guy Good was then placed upon the stand by the prosecution, and reluctantly admitted the purchase of the whisky.   Thereupon the following occurred:

"Q.   Have you bought it from him several times?   A.   Two or three times, I think.

"Q.   During January and February, 1919?"·

Thereupon the following objection and·ruling was had and made:

"We object to that and ask that the question be stricken for the reason that it is prejudicial and immaterial.

"The Court: I will let him answer."

The question was not answered.   Then the trial proceeded as follows:

"Q.   How many times did you say you bought it from him? A.   I don't remember.

"Q.   More or less, how many times?   A.   Two or three times.

"Q.   How much did you pay for it at these times?   A. Four or five dollars; I don't remember which.

"Q.   How much at a time did you buy usually?   A.   Never more than a pint.

"Q.   And never less?"

Objection was hereupon interposed as follows:

"We object to all this line of evidence for the reason that it is immaterial at any other time except the time charged in the indictment."

[1] The evidence under the indictment, which charged a single sale of liquor, was evidently incompetent and inadmissible. In 2 Woolen & Thornton on Intoxicating Liquors, § 931, it is said:

"It is a general rule that the prosecution must prove the sale as laid in the indictment or information, and, as that sale is the issue raised, no other sale can be proven unless they all constitute one transaction, or unless a whole series must be proven to make out the offense charged, or it is necessary to prove a motive or scienter, or to identify the accused. Of course, if several sales be charged in as many counts (when that is permitted), as many sales may be proven as there are counts."

[2] The error of the court in admitting this testimony, however, is not available to the defendant here. He sat by and allowed the testimony to be given without objection. After the testimony had been given he moved to strike it out, but at that time it was too late. State v. Kidd, 24 N. M. 572, 175 Pac. 772; State v. McKnight, 21 N. M. 14, 153 Pac. 76.

It follows that there is no available error in this case, and that the judgment should be affirmed; and it is so ordered.

ROBERTS and RAYNOLDS, J.J., concur.

### SYLLABUS BY THE COURT.

