## ORBY DAY v. STATE.

No. A-4574. Opinion Filed Jan. 17, 1925.
(232 Pac. 122.)

(Syllabus.)

1. **Rape—Corroboration of Prosecutrix, When not Essential.** In a case of statutory rape, where the evidence of the prosecutrix is not inherently improbable or contradictory, it is not essential to a conviction that there be corroboration.

2. **Rape—Age of Prosecutrix as Question of Fact for Jury.** In a case of statutory rape, the age of the prosecutrix is a question of fact for the jury, to be determined by them from all the evidence in the case, including the appearance of the prosecutrix, if a witness.

3. **Evidence—Age of Prosecutrix Provable by her Testimony.** Age may be proven by the testimony of the person whose age is in question, although knowledge of that fact is derived from statements of parents or from family reputation.

Appeal from District Court, Lincoln County; Hal Johnson, Judge.

Orby Day was convicted of rape, and he appeals. Affirmed.

James A. Embry, for plaintiff in error.

George F. Short, Atty, Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

EDWARDS, J. This appeal is from a judgment rendered upon the verdict of a jury finding the defendant Orby Day guilty of rape in the second degree, and assessing his punishment at one year in the penitentiary.

It is argued by the plaintiff in error, at some length, that the essential elements of the offense charged in the information are proven only by the testimony of the prosecutrix, and that the same is not convincing, and the case should be reversed for insufficiency of evidence. We have examined carefully the evidence, and, while it is true that the essential elements of the crime are testified to only by the prosecuting witness, yet her testimony is clear cut, no material contradiction and nothing making it unreasonable or inherently improbable, and under a long line of holdings of this court, the evidence is sufficient to sustain the verdict. Reeves v. Territory, 2 Okla. Cr. 352, 101 P. 1039; Johnson v. State, 5 Okla. Cr. 1, 112 P. 760; Hast v. Territory, 5 Okla. Cr. 162, 114 P. 261; Wines v. State, 7 Okla. Cr. 451, 124 P. 466; Morris v. State, 9 Okla. Cr. 241, 131 P. 731; Allen v. State, 10 Okla. Cr. 55, 134 P. 91.

It is also argued that the only evidence fixing the age of the prosecuting witness is her own evidence, which plaintiff in error contends is hearsay. But it has been held by the Supreme Court of this state, Stevens v. Elliott et al., 30 Okla. 41, 118 P. 407, that it is competent for a witness to testify as to his or her own age, and such evidence seems to be generally admissible. Encyclopedia of Evidence, vol. 1, 735, note 15. And such evidence is distinguished and not

classed as hearsay in the legal sense.   Pearce v. Kyzer, 16 Lea (Tenn.) 521,, 57 Am. Rep. 240.

The judgment of the lower court is therefore affirmed.

BESSEY, P. J., and DOYLE, J., concur.