CLARENCE F. ANDERSON v. THE STATE.

No. 9017.    Delivered May 6, 1925.

**Rape—Quantum of Proof—Insufficient.**

A conviction of rape, will not be sustained on the uncorroborated testimony of a woman who waits too long before she announces her decision that she has been raped, especially if she has met persons who would have given her protection, or where she went with the defendant after the supposed rape, or where her pregnancy or her being detected in the act, was a motive for her statement. See Branch's P. C. paragraph 12, Sec. 1784, page 1002.

Appeal from the District Court of Wichita County. Tried below before the Hon. P. A. Martin, Judge.

Appeal from a conviction of rape; penalty, fifteen years in the penitentiary.

The opinion states the case.

*Davenport, Cummings & Thornton,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Wichita County for the offense of rape by assaulting and by force, threats and fraud compelling Mildred Kearney to submit to carnal intercourse with one John White and his punishment assessed at confinement in the penitentiary for a term of fifteen years.

Prosecutrix testified that White raped her by force and that appellant aided him in the perpetration of the alleged crime. She further testified that she told no one about the affair for four months; that she lived with her father and mother at home and was at home a few hours after the alleged rape; that between the time of the

alleged rape and the time she first told it she had intercourse twelve or fifteen times with appellant; that during these times she did not always consent, but that she did consent a number of times; that she did not tell it until her people discovered that she was pregnant. The witness admitted having her picture taken in June after she was raped in May, with the defendant and John White, and that when said picture was taken they had their arms around her and that she was smiling. She also identified a picture of herself and John White which she says was taken in June after she was raped by force in May, and in that picture she and John White were lying on the ground and she was in his arms, with a smile on her face.

This testimony is not sufficient to show rape by force; it is utterly inconsistent with the very idea of force. We do not care to write at length on the question, but satisfy ourselves by saying that the following proposition announced by Mr. Branch is decisive of this case:

"A conviction will not be sustained on the uncorroborated testimony of a woman who waits too long before she announces her decision that she has been raped, especially if she has met persons who would have given her protection, or where she went with defendant after the supposed rape, or where pregnancy or her being detected in the act was a motive for her statement."

See paragraph 12, Sec. 1784, page 1002, Branch's Penal Code, for a full citation of authorities sustaining this proposition.

Because the evidence is wholly insufficent to show force, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.