## CAT CURRIE V. THE STATE.

No. 8731.   Delivered October 14, 1925.

Rehearing denied February 3, 1926.

**1.—Transporting Intoxicating Liquor—Argument of Counsel—Properly Suppressed by Court.**

Where counsel for appellant in his argument, assailed and denounced the liquor laws and the legislators that passed them, declaring such laws invalid and without reason, it was proper for the court to suppress such an argument, and tell the jury that the law of the case was contained in the charge of the court and should be so understood by the jury.

**2.—Same—Charge of Court—Defining Word "Transport"—Not Necessary.**

Where the evidence in a case for transporting intoxicating liquor clearly shows that same was transported in the sense that the word transport is commonly understood, it is not necessary for the court to define the word "transport" and explain its meaning. There may be cases in which there are peculiar facts as to make it possible of injury to appellant to fail to define "transport," but the instant case does not

come within the exception to the general rule that a definition of the word is not necessary. Following Lee v. State, 255 S. W. 425 and Maynard v. State, 247 S. W. 473.

### 3.—Same—Evidence—Statements of Witness—Not Subject to Inspection.

Where a witness had made a written statement, which was delivered to the counsel for the state, and which was not offered in evidence, the state would not be compelled to deliver such statement to counsel for appellant for his inspection.

### 4.—Same—Evidence Impeaching Witness—Improper.

It is not proper, for the purpose of impeachment, to ask a witness for the opposite party if he had not been in some sort of trouble, or if he had not been in jail on some kind of proposition, and there was no error in the trial court so holding.

### 4.—Same—Evidence—Of Witness' Citizenship—Properly Excluded.

There was no error in the court's refusal to permit appellant to ask a State witness if it was not true that he was not a naturalized citizen of the United States. The exclusion of such question was not in any sense hurtful to appellant.

ON REHEARING

### 5.—Same—Accomplice Testimony—Rule Stated.

On rehearing appellant urges that the state witnesses, having drunk of the whiskey with appellant, in appellant's automobile, were accomplices and that the court should have so instructed the jury. The legal proposition that joint transporters of intoxicating liquor are not accomplices under our present liquor laws, has been so often discussed by the court, that it is unnecessary to refer to authorities. The witnesses were not accomplices.

See dissenting opinion of Presiding Judge Morrow.

Appeal from the District Court of Howard County. Tried below before the Hon. W. P. Leslie, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*John B. Howard*, of Pecos, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Howard County of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

There are six bills of exception. The first was to the action of the court below in stopping counsel for appellant in his argument and admonishing him that the law of the case was contained in the charge of the court and should be so understood by the jury. It appears that defense counsel was attacking the law in his argument to the jury and was telling them that the legislature which enacted the law did not contain any good lawyers, as the best lawyers could not go to the legislature, could not afford it; that he was arguing that what was not reason was not law and that it was not reasonable, and, therefore, not the law that appellant would be guilty of a felony if he merely transported a pint of whiskey for two or three miles along the road. It was entirely within the province of the trial judge to stop such argument and call counsel's attention to the fact that the charge contained the law which would govern the jury.

The second bill complains of the failure of the charge to define the word "transport" and also the refusal to give special charge defining said word as meaning "the conveyance from one place, locality or country to another". There is nothing in the complaint. The State witness swore positively that upon invitation he took a ride of several miles with appellant, Dockery, et al. on the day of the alleged occurrence and that while in the car appellant, who was driving the car, produced from his pocket a bottle of whiskey from which they all took a drink; that about a half mile farther they toook another drink from the same bottle. This was clearly transportation such as is forbidden by the Statute. Dockery, for the defense, swore that said party went riding and appellant drove the car and that as they proceeded the State witness produced a bottle of whiskey and they all took a drink out of it, and thereafter took one or more drinks while proceeding on their journey to the place to which they had started. This also plainly made a case of transportation. Appellant's guilt did not depend in the least on his ownership of the whiskey. He was equally guilty whether he produced it or the State witness produced it with the knowledge of appellant, and it was thereafter carried in the car. The definition of "transportation" asked in said special charge could have added nothing to the jury's understanding of the law or its application to the facts of this case. There could be no question or doubt in the mind of any juror as to the fact that whiskey was carried by appellant in his car from one place to another. The statement in said special charge "from one country to another"

under the facts of this case, could have but been confusing. As said by Presiding Judge Morrow, in Lee v. State, 255 S. W. 425:

"The Statute does not define 'transport.' Under the law, it is to be given the meaning 'understood in common language', taking into consideration the context and subject-matter. Penal Code, Art. 10. In common language, 'transport' signifies the carrying or conveying from one place, locality, or country to another. Cyc. of Law & Proc. Vol. 38, p. 946. There might arise a case where the peculiarities in the testimony might make it necessary to give the definition or at least some explanatory statement relative to what is embraced within the term 'transporting intoxicating liquors.' As applied to the present case, however, it would seem unnecessary."

The Lee case has been followed since. In Maynard v. State, 249 S. W. 473, we said: "The Legislature has not seen fit to attempt to define said term (meaning transportation) in its enactment forbidding the transportation of intoxicating liquor. It is made unlawful for any common carrier or individual to transport such liquor, and the facts clearly show a transportation by appellant," and we refused to hold erroneous the action of the trial court in overruling an exception to his charge because it did not define transportation. There are no peculiar facts in the case before us such as to make it possible of injury to appellant to fail to give the special charge.

The State having taken a written statement from one of its witnesses, could not be compelled merely because of such fact, to deliver said written statement to appellant's counsel for his inspection, the State not having used said statement in any way.

To ask a witness for the opposite party if he had not been in some sort of trouble, if he had not been in jail on some kind of proposition, is manifestly not such question as should be allowed, and there was no error in the trial court so holding.

The objection of the State to the question by appellant's attorney to a State witness, if it was not true that he was not a naturalized citizen of the United States, was properly sustained. Nothing appears in the bill complaining of this action which shows that the inquiry was expected to lead to any matter of benefit to the appellant.

Bill No. 6 complains that the court declined to let appellant's counsel argue to the jury regarding a matter to which State's objection had been sustained.

The facts in evidence amply support the verdict, whether viewed from the standpoint of the State's testimony ·or that of appellant.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

#### DISSENTING OPINION.

MORROW, PRESIDING JUDGE.—While the witnesses Storm and Dockery and the appellant were riding in the appellant's automobile, a bottle of whiskey was exhibited from which the members of the party each took several drinks. Whether the contents of the bottle were exhausted is not made plain, though such is the inference to be drawn. According to the State's witness Storm, the bottle of whiskey was taken from the pocket of the appellant after they had proceeded a short distance. According to the witness Dockery, it was Storm who had and produced the whiskey from his own person, and that no whiskey was previously in the possession of either the appellant or Dockery.

In the charge of the court, the jury was told that if the appellant "did knowingly transport whiskey", he should be convicted. By exception to the charge and requested special charge, the court was called upon to define the word "transport" as used in the indictment and in the charge, the definition suggested in the special charge being "the conveyance from one place, locality or country to another." This definition finds sanction in Webster's Dictionary and in the judicial decisions. See Cyc. of Law & Proc., Vol. 38, p. 946. Ordinarily, the failure to define the word "transport" would not be of importance, but it is believed that the nature of the evidence in the present case characterized it as an exception. Whether the appellant had any connection with the whiskey in question other than to drink some of it is a controverted issue. If such was his sole connection, he might not be guilty of transporting it. See Walling v. State, 250 S. W. Rep. 167. The jury was furnished no guide by which to determine the appellant's culpability other than that which has been quoted, namely, that "he did knowingly transport it." The circumstances detailed in evidence are not so conclusive that the appellant was carrying or conveying the whiskey from one place or locality to another as to deprive him of the privilege, upon request, to

have the jury informed touching the judicial interpretation of the meaning of the Legislature in using the word "transport."

For the reason stated, the judgment should be reversed and the cause remanded.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant for the first time apparently insists in his motion that the indictment herein was a nullity because nothing appears in the record to show that the special term of the district court at which the indictment was returned, was duly and legally called in accordance with the law. He refers to Hickox v. State, 253 S. W. Rep. 823. We find nothing in the opinion in that case which can be used as authority to support the contention now made.

The motion at some length re-states the same grounds of complaint urged by appellant in the original presentation of his case. He insists that the evidence wholly fails to show a transportation of intoxicating liquor by him. The principal State witness testified that on the occasion in question he and a companion were invited by appellant to take a ride with him in a car; that they got in and after riding out in the country some distance appellant produced from his pocket a bottle of whiskey of which they all drank. This so clearly shows the transportation of the liquor that further argument on the point seems unnecessary. Appellant also now insists that the witnesses for the State were accomplices. The legal proposition that joint transporters of intoxicating liquor are not accomplices under our present liquor laws, has been so often discussed by the court that it is unnecessary to refer to authorities. The witnesses were not accomplices.

Appellant again insists that for the court to stop his attorney in his improper argument and tell him that the matters being discussed were not such as he might legitimately discuss before the jury, and thus reprimand him in the presence of the jury, injured appellant's rights. We are not inclined to agree with this contention. The matter attempted to be discussed in the presence of the jury was so wholly foreign to any issue involved in the case as that we regard it entirely proper for the learned trial judge to instruct counsel to desist.

Each of the matters brought forward in appellant's motion were considered and passed upon in our original opinion,

and no new authorities are cited in the motion, and we see no reason for altering our conclusion as heretofore expressed.

Our Brother Morrow adheres to his views as expressed originally.

The motion for rehearing will be overruled.

*Overruled.*