[No. 3056, Jan. 7, 1927]

STATE v. TAYLOR

[252 Pac. 984]

SYLLABUS BY THE COURT

1. The charge being statutory rape, the prosecutrix's inherently improbable story, uncorroborated by any unequivocal fact pointing unerringly to guilt, is not sufficent to support a verdict.

2. A conviction of statutory rape based on a prosecutrix's inherently improbable story, uncorroborated by any unequivocal fact pointing unerringly to guilt, will be set aside, in the interest of justice, though the insufficiency of the evidence was not urged in the trial court.

Appeal from District Court, Curry County; Hatch, Judge.

Claude R. Taylor was convicted of statutory rape, and he appeals. Reversed, and remanded for a new trial.

[1] 33 Cyc p. 1517 n. 95.     [2] 17CJ p. 60 n. 52.

Hall & McGhee, of Clovis, for applicant.

John W. Armstrong, Atty. Gen., and James N. Bujac, Asst. Atty. Gen., for the State.

OPINION OF THE COURT

WATSON, J. Appellant was convicted of statutory rape upon one Tollie Stone. The verdict was accompanied by a recommendation of clemency. The sentence was not less than 15 nor more than 20 years in the penitentiary. Counsel appearing here did not represent appellant in the court below. There were no exceptions to the instructions given, no other instructions tendered, no motion for a directed verdict, and no motion for a new trial. The matters here urged as error, and that upon which we feel constrained to reverse the judgment, were not brought to the attention of the trial court.

[1] The judgment is here attacked for errors in the instructions given. It is urged that the defective instructions must have misled the jury and have caused the conviction, because of the slight probability that a jury, understanding the evidence and correctly and clearly instructed as to the law, could have found appellant guilty. So, it is urged, the error is fundamental, and should be corrected, though not brought to the attention of the trial court, citing State v. Garcia, 19 N. M. 414, 143 P. 1012; Crawford v. Dillard, 26 N. M. 291, 191 P. 513. In developing this point, counsel call attention to the unsubstantial nature of the state's evidence, and the ack of corroboration of the prosecutrix' testimony. While counsel do not rely directly upon this for a reversal of the judgment, we deem it the vital question in the case and shall not concern ourselves with the instructions.

The prosecutrix reached the age of 16 December 27, 1923. It seems that for some months prior to that date she lived with her father and mother about three-fourths of a mile from appellant's home.

Appellant was 28 years old, and lived with his wife, 19 years old, and three small children, in a one-room house containing one bed. Outside there was a dugout in which appellant habitually slept with his little boy, while his wife slept in the bed in the house with the two little girls. It is admitted that during the summer of 1923, while they were neighbors, the prosecutrix was frequently at appellant's home, sometimes spending the night there, and tha in January, 1924 (prosecutrix' father thought in March), her father and stepmother moved to Clovis, and that, before joining them, she remained a week or two with appellant and his family. Whatever took place during this visit was subsequent to the prosecutrix' sixteenth birthday.

The directly incriminating evidence was given by the prosecutrix, who testified that on or about July 1, 1923, she spent the night at appellant's home; that she occupied the bed with appellant, his wife and three children; and that while so situated she and appellant had intercourse, during which act appellant's wife was awake and made no objection. This occurrence was flatly denied by appellant and by his wife.

To corroborate this highly improbable narration, the prosecutrix was allowed to testify that she had had intercourse with appellant subsequently. The dates of such subsequent occurrences were not fixed. One or more of them was in a hotel in Clovis after January, 1924. Nowhere in the record is there any evidence of sexual acts between the parties prior to the prosecutrix' sixteenth birthday, except that of July. Except for the alleged occurrence in July, 1923, and the one or more in Clovis, after January, 1924, the only evidence upon which any inference of such acts might be based is the prosecutrix' affirmative answer to this question on cross-examination:

'Do you mean to tell the jury then that sometimes when you were over there you slept with Jewel Taylor,

(appellant's wife) in the house and sometimes you slept with Mr. Taylor in that dugout?"

In connection with this answer it will be observed that no act of intercourse is testified to. No effort was made by the state to bring out the date when the prosecutrix claimed to have slept with appellant in the dugout. This might have occurred as well, or better, during the week or two that the prosecutrix visited in appellant's home after her sixteenth birthday. Following this question and answer, this occurred:

"Q. And Jewel Taylor knew that all the time? A. Yes; sure she knew it.

"Q. And she did not make any objection to it at all? A. No, sir."

The pair were arrested together in Clovis, June 24, 1924. They had been watched and followed at the instance of Mrs. Taylor's relatives. A charge the nature of which the record did not disclose, was lodged against the prosecutrix, under which she was held in custody until the evening of the second day, and then released under bond. The further proceedings against her, if any, are not disclosed. A packet was taken from appellant containing letters which purported to have passed between them, and two photographs showing them in somewhat intimate attitudes. The letters pointed to illicit relations between them. This packet had disappeared from the sheriff's desk before the trial and could not be produced; the contents being given from memory. There was no proof of the authenticity of the letters, except that of the prosecutrix. Appellant disclaims knowledge of the contents of the packet, claiming that at the time of the arrest the prosecutrix had given it to him, asking him to keep it for her. This she does not deny. There was no evidence fixing the dates of the letters or photographs, and no attempt seems to have been made by the state to present such proof. On cross-examination Sheriff Wood said that they were written in

1924, and Deputy Sheriff Hunter said those he. noticed were written in April, May and June, 1924. The prosecutrix testified that she was in love with appellant, and that he had, throughout the course of their relations, promised to marry her.

That part of the prosecutrix' story which asserted that appellant had had sexual relations with her is, no doubt, corroborated by the letters and the photographs. But time was the gist of the offense of which appellant was convicted. The evidence of subsequent acts was admitted, not as showing independent offenses, but as showing an adulterous disposition. Its purpose was corroboration. Counsel question, but do not argue, its competency. If competent in this case, it was of little weight. Assuming that there had been a series of acts, some guilty (under the charge), and others not, it remained to the state to establish one act prior to December 23, 1923. That this man and girl should have fallen in love with each other, and should have had illicit relations when opportunity occurred, or could be arranged, is understandable; but such fact, if true, is hardly corroborative of the disgusting occurrence detailed in the record. Unless we are to believe that, there is no evidence of appellant's guilt of the charge.

This court has carefully considered the sort of corroboration which will support, in such a case, a woman's accusation against a man's denial. While it was stated in State v. Ellison, 19 N. M. 428, 144 P. 10, that "in the absence of statute a man may be convicted of rape on the uncorroborated evidence of a strumpet, or he may be convicted on the uncorroborated testimony of a girl below 10 years of age," it appears, also, that the court took unusual pains in its review of the evidence in that case, and not only satisfied itself that no errors of law had been committed, but was convinced of the defendant's guilt. In State v. Armijo, 25 N. M. 666, 187 P. 553, the testimony of the prosecutrix was held not to be

substantial evidence to support the conviction, be-
cause there was not "a single unequivocal fact, es-
tablished by a single witness, shown by his exami-
nation to be fair and willing and able to tell the
truth, which pointed unerringly to the guilt of the
defendant."     This view of "corroboration" was
taken in State v. Clevenger, 27 N. M. 466, 202 P.
687, and it was there considered the established rule
in this state. In Mares v. Territory, 10 N. M. 770,.
65 P.. 165, it was said:

"On a conviction of rape, where there is no corrobor-
ating evidence nor a single corroborating circumstance,
and where none of the incidents testified to as
attending the commission of the offense are within the do-
main of reasonable probability, the affirmance of the con-
viction would be to establish a dangerous precedent."

There is no corroborating evidence in this case of
any unequivocal fact pointing unerringly, or even
probably, to appellant's guilt.   The fact, if true, that
the parties misconducted themselves in a hotel in
Clovis subsequent to January, 1924, is far removed
from a rape occuring in June 1923.   The letters point
unerringly only to the fact of former intercourse, but
do not tend to fix a date prior to December 27, 1923. It
was the theory of the state that appellant's wife was a
willing witness of, if not a party to, the outrage.   If
that were true, it would be most remarkable—the
same opportunity existing between July and Decem-
ber—if no repetition of it occurred.   Remembering
that the state claimed the right to show subsequent
acts, and that such right was unchallenged, it is re-
markable, if any other acts occurred while the pro-
secutrix was under the age of consent, that they
were not shown.

[2] For the reasons stated, and under the authori-
ties cited, the judgment in this case is against the
law and the evidence, and ought, in justice, to be
set aside.   We hesitate only because the vital error
was not brought to the attention of the trial court
and is not directly urged upon us here.   Neverthe-
less, we think this is a case like State v. Garcia, sup-

ra, for the interposition of this court to protect fundamental rights. True, this requires us to weigh the evidence, and in the Garcia Case it was said that would not be done. But we do not weigh the prosecutrix' story against the denial of appellant and his wife. We weigh it in the scales of inherent probability. Without strong corroboration, it has no weight at all. It is not corroborated. Without attempting to fix the cause, we conclude that the trial resulted in a miscarriage of justice which we think it our right and duty to correct by awarding a new trial.

The judgment will therefore be reversed and the cause remanded for new trial, and it is so ordered.

PARER, C. J. and BICKLEY, J., concur.