[No. 3423.   May 21, 1929.]

STATE v. PAIZ.

[277 Pac. 966.]

J. Lewis Clark, of Estancia, for appellant.

M. A. Otero, Jr., Atty. Gen., for the State.

### OPINION OF THE COURT

SIMMS, J.   From a conviction for rape upon a woman over 16 years of age, Sixto Paiz appeals.

The only question we need to notice is the action of the trial court in permitting the justice of the peace, before whom defendant was examined and bound over, to testify, over objection, as follows:

"A.  I had a complaint there and I caused it to be read to him. I told him if he didn't have an attorney I would give him time to prepare himself and get an attorney, and he told me that he didn't have the money to employ an attorney, that he would defend himself.

"Q.  Did you ask him after the complaint had been read to him whether or not he was guilty?  A.  Yes, sir. * * *

"Q. What did he say? A. First, he said he was not guilty. Then afterward, after I had started to interrogate him, he said he was guilty and he was the one that had done the deed with the girl.

"Q. Did he say anything else? A. He said there was another boy who had gone with him, that between the two of them they had taken the girl out and that he had done the deed first. * * *

"Q. After they testified, what did you do? A. After the witnesses testified, I found beyond a doubt that he was guilty and bound him over to the grand jury." (Tr. 56-58.)

Cases of rape and other sexual offenses against women necessarily stand on a somewhat different footing from other criminal cases, as regards the extreme care which must be taken by the courts to protect the fundamental rights of the accused. The heinousness of the charge, the popular sympathy for the victim, and the abhorrence all normal people feel for the perpetrator, conspire to inflame and almost unbalance the sober judgment of ordinarily reasonable and conservative people. Too often the jury feels that by convicting the defendant the prosecutrix is acquitted and exonerated, and unless great care is taken the trial is liable to become a contest for vindication, with the woman receiving the benefit of all doubts and the defendant bearing the unlawful burden of exculpating himself. It is evident, therefore, that in a rape case we should examine with the greatest care the admissibility and competency of this testimony. That it was prejudicial, if erroneous, cannot be doubted. The trial jury had before it the duty of determining whether the evidence showed the defendant guilty, beyond a reasonable doubt, of the crime of rape charged. It was sitting to hear evidence, but not to hear the opinion of a judicial officer whose connection with the case was past. To permit the justice of the peace to testify that at the preliminary examination, after he heard the witnesses, "I found beyond a doubt that he was guilty," was to seriously prejudice the defendant in the eyes of the jury. It is not improbable that several members of that body regarded the justice as himself an important judicial personage, whose superior means of information had qualified him to speak.

In the case of State v. Rogers, 31 N. M. at page 499, 247 P. 834, in discussing the question of whether or not

it is necessary to allege in the information that the defendant had previously been examined by a magistrate, we quoted, with approval, the following language found in Canard v. State, 2 Okl. Cr. 505, 103 P. 737, 139 Am. St. Rep. 949:

"Would not proof that the examining magistrate had believed the defendant guilty on examining trial influence the jury against him? Would it not put upon the defendant an additional burden to permit the prosecuting attorney to argue as a circumstance tending to establish defendant's guilt that the examining magistrate who held the examination immediately after the commission of the alleged crime believed the defendant guilty?"

After the justice had delivered himself of his opinion as to defendant's guilt, the following took place;

"Mr. Clark: I think the court can see that this is absolutely improper, because he is reaching a legal conclusion whether or not he was guilty. He says that he was convinced that he was guilty, and that is a conclusion going to the jury and is very improper and we think the whole thing—

"The Court: No, the court will not be bound by that."

Previous to this objection, counsel for defendant had objected to the testimony of the justice and had moved to strike the whole of it, but on the statement of the assistant district attorney that it was preliminary (and we assume would be connected up), the court did not rule. The only ruling made was: "No, the court will not be bound by that." We hold that this was not sufficient in view of the defendant's objection. While counsel for defendant appears to have been interrupted in making his objection, it is clear what it was, and the trial court should have sustained the objection and withdrawn from the jury the erroneous testimony, at the same time cautioning the jury in very careful terms not to let such testimony influence them in making up their verdict. Particularly in a rape case the court would have been justified in dealing vigorously with such a situation.

2. Defendant questions the sufficiency of the indictment as not stating an offense, and also claims that the evidence of the prosecutrix was so inherently improbable and without corroboration as to require us to reverse the cause to protect the fundamental rights of the defendant. State v. Taylor, 32 N. M. 163, 252 P. 984, State v. Gar-

cia, 19 N. M. 414, 143 P. 1012, and other cases amply demonstrate the right and duty of this court to take such action where necessary to protect the fundamental rights of the accused. But, inasmuch as we must reverse this cause for the error hereinbefore pointed out, it is not necessary to go into those matters at this time, although the record discloses a very weak case against defendant.

For the reasons given, the judgment will be reversed and the cause remanded, with instructions to grant defendant a new trial; and it is so ordered.

BICKLEY, C. J., and CATRON, J., concur.

PARKER and WATSON, JJ., did not participate.