85 P.2d 591

**STATE v. SHULTS.**

No. 4385.

Supreme Court of New Mexico.

Dec. 7, 1938.

J. L. Lawson and Geo. A. Shipley, both of Alamogordo, for appellant.

Frank H. Patton, Atty. Gen., and A. M. Fernandez, Asst. Atty. Gen., for the State.

BRICE, Justice.

The appellant was convicted of the crime of statutory rape and sentenced to serve a term in the state penitentiary.

The evidence of the eleven year old child, who, it is alleged, was the victim of his lust, is in substance that the appellant induced her to go to a ladies' toilet owned by him, near his filling station; that he followed and had intercourse with her in the toilet.

The objection was made to the introduction of certain testimony which tended to prove a like offense committed in the same place upon the same child about two weeks after the first, upon the ground that this testimony "is irrelevant and incompetent." This objection is not sufficiently specific upon which to predicate error in this court. Specific grounds or reasons which render the testimony inadmissible must be stated so that the trial court can, understandingly, rule upon the question. Mares, Adm'r, v. New Mexico Pub. Serv. Co., 42 N.M. 473, 82 P.2d 257. A number of like questions are presented, which, for the reason stated, must be ruled against the appellant.

After certain testimony had been admitted over a general objection, the appellant moved to strike it from the record, stating specific grounds therefor. This objection to the testimony came too late to be available as a basis of error in the Supreme Court. Objections to testimony must be made when offered. After it is admitted, it is within· the court's discretion to strike it or not; though its admission over a proper objection made at the time offered would have been error. State v. Alford, 26 N.M. 1, 187 P. 720.

The appellant, in cross-examining a state witness, asked:

"Q. And you had been taking things from different people here in Alamogordo?

"Mr. Clayton (District Attorney): Objected to, not proper cross-examination.

"The Court: Objection sustained.

"Mr. Shipley (Appellant's Attorney): This goes to the credibility of the witness.

"The Court: Objection is sustained.

"Mr. Shipley: Exception.

"The Court: Don't consider the last question, Gentlemen of the Jury."

The court and jury knew from previous testimony that the intention was to secure an admission that the witness was a thief. The specific objection, though untenable, was sustained.

■ The appellee contends that whether cross-examination of the witness for the purpose of impeaching her credibility should be permitted, was within the discretion of the court. No doubt the extent to which such cross-examination may go rests in the sound discretion of the court; but not so as to whether any cross-examination at all shall be permitted regarding specific acts of wrong doing. State v. Cruz, 34 N.M. 507, 285 P. 500.

■ The question, however, was not directed to any specific wrongful act of the witness. No time, place, or circumstance was stated which would apprise the witness that it was so directed. Some specific act must be the subject of the inquiry, and the question must definitely apprise the witness of it. "It will be noticed in the statement of these matters that the question to the witness first above presented is: 'In pursuit of your occupation, have you ever gambled with minors— school boys?' No time nor place is fixed by the bill of when this occurred, and the bill is insufficient as to that matter on that account. As to the question asked about the complaint against Ed Kennon, and what the witness would have sworn, it will be also noticed that no time is fixed or shown when and where this occurred, and it would be inadmissible on that account; * * *." Kirksey v. State, 61 Tex.Cr.R. 641, 135 S.W. 577, 579. "But there are reasons why we think this cross-examination improper as affecting the credibility of the witness. The insinuating style of questioning in which the prosecution indulged should never be permitted for this purpose. That method of examination does not affect the credibility of the witness, because it neither shows him to be untruthful nor necessarily of bad moral character. The rule in these cases is somewhat strict, and necessarily so, because it is dangerous ground. Injustice may be done if the rule is relaxed. Where a cross-examiner seeks to impair the credibility of a witness by proof of collateral crimes, he should be confined to specific acts. He may ask the witness whether or not he committed the act, or whether he has been convicted thereof or imprisoned therefor. But, manifestly, the interrogatories should be so framed as to permit the witness to admit or deny the act itself." State v. Pancoast, 5 N.D. 516, 67 N.W. 1052, 1063, 35 L.R.A. 518. To the same

effect is Currie v. State, 102 Tex.Cr.R. 653, 279 S.W. 834. The ruling of the court was not error.

It is urged that the evidence is unsubstantial, because the testimony of the complaining witness is contradictory within itself regarding matters about which she could not be mistaken.

In view of a new trial at which other testimony may be introduced, we do not find it necessary to pass upon the question; but, as there is some confusion regarding whether corroboration of the prosecuting witness is necessary to a conviction as a matter of law in such cases, we have concluded to review the authorities upon that question.

We stated in State v. Taylor, 32 N.M. 163, 252 P. 984, 986:

"This court has carefully considered the sort of corroboration which will support, in such a case, a woman's accusation against a man's denial. While it was stated in State v. Ellison, 19 N.M. 428, 144 P. 10, that 'in the absence of statute a man may be convicted of rape on the uncorroborated testimony of a strumpet, or he may be convicted on the uncorroborated testimony of a girl below 10 years of age,' it appears, also, that the court took unusual pains in its review of the evidence in that case, and not only satisfied itself that no errors of law had been committed, but was convinced of the defendant's guilt. In State v. Armijo, 25 N.M. 666; 187 P. 553, the testimony of the prosecutrix was held not to be sub-stantial evidence to support the conviction, because there was not 'a single unequivocal fact, established by a single witness, shown by his examination to be fair and willing and able to tell the truth, which pointed unerringly to the guilt of the defendant.' This view of 'corroboration' was taken in State v. Clevenger, 27 N.M. 466, 202 P. 687, and it was there considered the established rule in this state. In Mares v. Territory, 10 N.M. 770, 65 P. 165, it was said:

" 'On a conviction of rape, where there is no corroborating evidence, nor a single corroborating circumstance, and where none of the incidents testified to as attending the commission of the offense are within the domain of reasonable probability, the affirmance of the conviction would be to establish a dangerous precedent.'

"There is no corroborating evidence in this case of any unequivocal fact pointing unerringly, or even probably, to appellant's guilt."

We did not hold that in all cases of rape the testimony of the complaining witness must be corroborated; nor did we overrule, State v. Ellison, 19 N.M. 428, 144 P. 10, in which we stated [page 16]:

"The testimony of a prosecutrix in cases of this kind requires no corroboration. Corroboration is required in many of the states by statute. But in the absence of a statute a man may be convicted of rape on the uncorroborated testimony of a strumpet, or he may be convicted on the

uncorroborated testimony of a girl below 10 years of age. * * *

"It is of course true that in a sense the testimony of a prosecutrix must be corroborated. That is, it must bring together a number of surrounding facts and circumstances which coincide with and tend to establish the truth of her testimony. Without such surrounding facts and circumstances, the bald statement and charge of a woman against a man would be so devoid of testimonial value as to render it unworthy of belief, and to cause it to fail to meet the requirements of the law, namely, evidence of a substantial character. In this sense there must, of course, be corroboration. In some of the states, by reason of the terms of the statute, corroboration must come from some outside source in the form of testimony of an independent character, disconnected from the testimony of the prosecutrix. It is not in this sense, in this jurisdiction, that the prosecutrix must be corroborated. It thus appears that the controversy between the court and counsel as to whether the complaints of the prosecutrix were corroboration becomes immaterial."

In the Taylor Case, and in State v. Clevenger, supra, we held that the facts attempted to be proved by the complaining witness were so inherently improbable that in the absence of at least evidence of some "unequivocal fact pointing unerringly * * * to appellant's guilt", the conviction should not stand; for otherwise the conviction was without substantial support in the evidence; and in so holding, we are supported by the decisions of other courts. Mares v. Territory, 10 N.M. 770, 65 P. 165; Anderson v. State, 100 Tex. Cr.R. 562, 272 S.W. 173; Allen v. State, 10 Okl.Cr. 55, 134 P. 91; Donovan v. State, 140 Wis. 570, 122 N.W. 1022; State v. Connelly, 57 Minn. 482, 59 N.W. 479; Morris v. State, 9 Okl.Cr. 241, 131 P. 731; Logan v. State, 66 Tex.Cr.R. 506, 148 S.W. 713. The reason for the rule is stronger in such cases if the defendant denies the charge and his testimony is corroborated, and that of the complaining witness stands alone. Ferbrache v. State, 21 Okl.Cr. 256, 206 P. 617.

■ In cases of common law rape, in the absence of such corroboration as outcries, torn and disarranged clothing, wounds or bruises, or if there is long delay in making complaint; the evidence may be so inherently improbable as to be unsubstantial. In such cases, unless there is other testimony which points unerringly to the defendant's guilt, we will not uphold a conviction.

■ But those circumstances do not appear in statutory rape where consent is immaterial and force is not used. The testimony of a child of tender years is frequently the only evidence obtainable. While in such cases the substantial evidence rule applies, and this court will scrutinize the testimony with great care to discover inherent defects; but if none are found which render her testimony inherently improbable, a conviction will be

sustained though her testimony is not corroborated. State v. Ellison, supra; State v. Smith, Mo.Sup., 237 S.W. 482; Day v. State, 29 Okl.Cr. 49, 232 P. 122; People v. King, 56 Cal.App. 484, 205 P. 703; People v. Crawford, 24 Cal.App. 396, 141 P. 824. And see annotations in 60 A. L.R. at pages 1125 et seq.

The record shows the following proceedings during the trial of the case:

A sister of the complaining witness, fourteen years old, was called by the State, and while testifying, the following occurred:

"Q. (District Attorney) In substance tell the jury what your sister told you.

"Mr. Shipley (Attorney for Appellant): If the Court please, in all earnestness I would like to submit authority on that.

"The Court: All right. I will elicit this question, then: As to whatever she did tell you when did she say it occurred?

"The Witness: She said she came home one night—

"The Court (interrupting): Don't relate any names, just answer the question.

"Q. When did she say it occurred?

"The Court: With reference to the time she told you.

"Mr. Clayton (Assistant District Attorney): With reference to the time it did occur. * * *

"Q. When she told you this when did she say this had happened? A. That night. * * *

"Q. Ora, you say your sister made a complaint to you at the time I asked you about a while ago? A. Yes, sir.

"Q. Did she say where this had happened? A. Yes, sir.

"Q. Where did she say it happened? A. In Mr. Shults' toilet.

"Q. Did she tell you Mr. Shults had had intercourse with her? A. Yes.

"Mr. Shipley: I object, and move the answer be stricken.

"*The Court: All right, I will ask a question. What did she say happened at Mr. Shults' place?*

"Mr. Shipley: To that question we want to interpose an objection.

"The Court: Overruled.

"Mr. Shipley: Exception.

"Q. What did she say happened?

"Mr. Shipley: The same objection, if the court please.

"The Court: Objection overruled.

"Mr. Shipley: Exception.

"Q. Go ahead and answer the question. A. She said Mr. Shults had did something dirty to her, and I asked her what dirty did she mean and she said Mr. Shults had taken her pants off.

"Mr. Shipley (Interrupting): We object to that.

"The Court: What is the answer? (Read) All right, go ahead.

"A. (continuing) And that he did something dirty to her, and she said that he gave her some money to go to the show. That is all she told me about it.

"Mr. Clayton: You may take the witness.

"Mr. Shipley: I move the details of this testimony be stricken and the jury cautioned to disregard it.

"The Court: Gentlemen of the Jury, don't consider the details of this witness' testimony, but merely she reported this fact to her."

We know that juries seldom ·dispassionately weigh the testimony in cases involving this character of crime; and too often the trial court's judgment is swept away by recitals of witnesses which, studied dispassionately, would convince any reasonable person of the innocence of the defendant, often a victim. The books abound in such cases; and this court has had its share. State v. Duckett, 24 N.M. 28, 172 P. 189; State v. Armijo, 25 N.M. 666, 187 P. 553; State v. Clevenger, 27 N.M. 466, 202 P. 687; State v. Taylor, 32 N.M. 163, 252 P. 984.

Appellant reminds us of the famous saying of Sir Mathew Hale regarding the crime of rape, that: " 'It must be remembered, that it is an accusation easily to be made and hard to be proved, and harder to be defended by the party ac-cused, though never so innocent;' and that courts should 'be the more cautious upon trials of offenses of this nature, wherein the court and jury may with so much ease be imposed upon without great care and vigilance; the heinousness of the offense many times transporting the judge and jury with so much indignation that they are over-hastily carried to the conviction of the person accused thereof by the confident testimony sometimes of malicious and false witnesses.' 1 Hale P. C. page 636."

We stated, through Mr. Justice Simms, in State v. Paiz, 34 N.M. 108, 277 P. 966:

"Cases of rape and other sexual offenses against women necessarily stand on a somewhat different footing from other criminal cases, as regards the extreme care which must be taken by the courts to protect the fundamental rights of the accused. The heinousness of the charge, the popular sympathy for the victim, and the abhorrence all normal people feel for the perpetrator, conspire to inflame and almost unbalance the sober judgment of ordinarily reasonable and conservative people. Too often the jury feels that by convicting the defendant the prosecutrix is acquitted and exonerated, and unless great care is taken the trial is liable to become a contest for vindication, with the woman receiving the benefit of all doubts and the defendant bearing the unlawful burden of exculpating himself. It is evident, therefore, that in a rape case we should examine with the

greatest care the admissibility and competency of this testimony. * * *

"While counsel for defendant appears to have been interrupted in making his objection, it is clear what it was, and the trial court should have sustained the objection and withdrawn from the jury the erroneous testimony, at the same time cautioning the jury in very careful terms not to let such testimony influence them in making up their verdict. Particularly in a rape case the court would have been justified in dealing vigorously with such a situation."

If the detailed facts related by the complaining witness to the witness testifying, had inadvertently gotten before the jury, and had been immediately withdrawn by the court, and the jury carefully cautioned to not consider them; the damage perhaps would have been repaired. But the trial judge himself, over general objections, brought before the jury a detailed statement of the facts constituting the complaint. It is not permissible in this jurisdiction to prove such details, and this the trial judge must have known, as he sustained a motion, without a proper cautionary instruction, to strike them from the record immediately after the damage was done.

The request of appellant's counsel for an opportunity to object was not heeded by the court. Under the circumstances the case should be reversed, with instructions to grant defendant a new trial, and

It is so ordered.

HUDSPETH, C. J., and SADLER, J., concur.

BICKLEY, J., concurs in the result.

ZINN, J., did not participate.