262 P.2d 984

STATE v. SHOUSE.
No. 5646.

Supreme Court of New Mexico.
Nov. 3, 1953.

Dale B. Walker, Albuquerque, for appellant.

Richard H. Robinson, Atty. Gen., Fred M. Standley and Walter R. Kegel, Asst. Attys. Gen., for appellee.

SEYMOUR, Justice.

Defendant appeals from conviction and sentence for rape of a female over the age of sixteen years.

There are two contentions made: That the evidence of the alleged crime is so inherently improbable that the verdict of guilty based thereon would be a miscarriage of justice; also, that the trial court erred in refusing defendant's requested instruction numbered five reading as follows:

"You are further instructed that the Court takes judicial notice of the laws of nature and the scientific facts connected with the human anatomy and this Court takes judicial notice of the fact that a female, who has never previously had intercourse and whose hymen or maidenhead has never before been penetrated, will ordinarily hemorrhage and bleed to a considerable extent, after indulging her first act of sexual intercourse, and you, as jurors, are bound to accept this scientific fact as true in weighing the evidence in this case."

Because of the highly emotional and prejudicial elements present in cases of rape, this Court has taken the position that, over and above the substantial evidence rule applicable in appeals, it will review the evidence to determine whether or not it is so inherently improbable that, by conviction of that crime, a fundamental wrong

has been done to defendant. This rule is expressed in the following cases: Mares v. Territory, 1901, 10 N.M. 770, 65 P. 165; State v. Armijo, 1920, 25 N.M. 666, 187 P. 553; State v. Clevenger, 1921, 27 N.M. 466, 202 P. 687; State v. Ellison, 1914, 19 N.M. 428, 144 P. 10; State v. Richardson, 1945, 48 N.M. 544, 154 P.2d 224; State v. Shults, 1938, 43 N.M. 71, 85 P.2d 591; State v. Taylor, 1927, 32 N.M. 163, 252 P. 984.

A review of this rule as it has developed and a review of the testimony here involved satisfy this Court that no such miscarriage of justice has taken place here. A reading of these cases discloses that a reversal has occurred "in the absence of such corroboration as outcries, torn and disarranged clothing, wounds or bruises, or if there is long delay in making complaint;" State v. Shults, supra [43 N.M. 71, 85 P.2d 593]. This rule and the fact that forcible rape, in itself, is somewhat improbable, do not substitute the judgment of this Court for that of the jury.

Defendant admits the intercourse and even token resistance, denying only that prosecutrix resisted enough to justify the classification of his act as rape. He further argues that prosecutrix, employed by him on this particular morning to clean his home prior to the return of his wife from vacation, could have guessed from his conduct some hours before the final act that his intentions were not of the best.

In short, the defense of inherent improbability is based upon the theory that defendant's story itself is not inherently improbable. Such is not the rule.

Eliminating speculation, was there evidence which sufficiently corroborated the story of prosecutrix to negative the conclusion that it was inherently improbable? It is our judgment that there was. Some of this evidence was briefly as follows: Prosecutrix, a virgin, was 49 years old, weighed only 84 pounds and was four feet six inches tall. The size and strength of defendant is not disclosed; however, if it were such as to indicate that a person as frail as prosecutrix might have resisted more successfully, the defendant could have shown this. The jury had the advantage of seeing him. The outcries testified to by prosecutrix were heard by no one, but immediately after the act, the testimony shows that her clothes were disheveled and covered with blood; there was evidence of both wounds and bruises; there was evidence of violent intercourse; the facts were reported and complaint made to both neighbors and police immediately after the act; finally, Dr. Vincent Garduno concluded his testimony with the statement: "Well, my examination showed this woman was forcefully assaulted and probably raped."

It is not necessary that we take the defendant's story and determine now that prosecutrix might have escaped this hazard

or in some respect might have acted more wisely. The foregoing evidence is sufficient to sustain the verdict of the jury against the attack that the story of prosecutrix is inherently improbable.

There remains the alleged error of the trial court in refusing defendant's requested instruction numbered 5. It is our conclusion that such refusal was not error. There was medical testimony given at the trial and undisputed, establishing the facts contained in the offered instruction; therefore, the jury had before it the exact facts in question and no prejudice could result to the defendant.

The judgment of the trial court is affirmed.

It Is So Ordered.

SADLER, C. J., and McGHEE, COMPTON and LUJAN, JJ., concur.