306 P.2d 1095

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**George MONTOYA, Defendant-Appellant.**

No. 6133.

Supreme Court of New Mexico.

Jan. 31, 1957.

Dean S. Zinn, Frank B. Zinn, Santa Fe, for appellant.

Richard H. Robinson, Atty. Gen., Howard M. Rosenthal, Santiago E. Campos, Asst. Attys. Gen., for appellee.

McGHEE, Justice.

The defendant has appealed a conviction of statutory rape upon a thirteen year old girl claimed to have been committed at the side of a house in a rather congested area in Santa Fe.

The claim is made the conviction should be set aside as being based on what defendant says is an inherently improbable story of the prosecutrix, since, as he says, there is no corroboration in the facts and circumstances in the case. Timely motions for a directed verdict of not guilty, as well as a motion for new trial, were denied.

According to the prosecutrix' testimony, the offense was committed on April 12, 1955, and she gave birth to a baby on January 16, 1956.

The parents of the prosecutrix had gone to El Paso, Texas, to attend the funeral of a relative and did not return to their home in Santa Fe until about 10:00 o'clock on the night of the claimed offense. No disclosure of what was said to have occurred was made to the parents or anyone else until the prosecutrix had been taken to a physician for examination some three months before the birth of the baby and he had stated the girl was pregnant. The prosecutrix then told her mother of the occurrence who, in turn, told the father. The father then went to the district attorney and initiated the prosecution.

According to the story of the prosecutrix, she and a sister of the defendant were of about the same age and were friends. They had gone from the home of the defendant to a store a short distance away where some groceries and ice cream cones were purchased by the friend. They returned to the home of the defendant and the sister went inside the kitchen, where a light was burning, to wash the dishes. The prosecutrix sat on a doorstep of the kitchen eating her ice cream cone. The defendant accosted her, saying he needed her, and took her by the arm around the corner of the house where he twisted her arm and also tripped her, with the result she fell to the ground. The defendant held her, unbuttoned her dress and removed her panties from one leg. The prosecutrix says she resisted and got up but was again put on the ground by the same means and that the defendant then so held her that he was able to carnally know her.

The prosecutrix says the defendant then permitted her to get up and go to her home a short distance away, first warning her she would be harmed if she told anyone what had occurred. There were only some younger sisters and a brother at home, and, as above indicated, she said nothing to them about what had happened. After washing her clothes and person she watched television for a time and went to bed. She had eaten supper at the home of her grandmother before going to the grocery store.

The place of the claimed occurrence was on the ground immediately to one side of the kitchen window through which a light was shining. Until just before the close of the cross-examination of the prosecutrix considerable reference had been made to it being dark and the light that was shining through the window of the kitchen lighting up the outside. Numerous inquiries were made as to whether lights were shining from doors or windows of other houses in the immediate vicinity and

it seemed to have been accepted by both sides that the offense, if any, was committed after dark, or at least late enough for lights to be burning in the houses. However, in one of her late answers the prosecutrix said she thought it happened about 7:00 o'clock. The defendant then in his case showed by sun tables that on April 12, 1955, at Santa Fe, the sun set at 6:28 p. m. and twilight ended at 7:56. Defendant makes much of this testimony, saying at 7:00 o'clock such an act would have been a public exhibition and that this—if we remember the oral argument correctly—calls for a holding here that the story told by the prosecutrix is so inherently improbable the verdict should not be allowed to stand; that certainly such result should follow when we consider her failure to make complaint or disclosure until the physician had disclosed her pregnancy some five months after the alleged occurrence. In addition, defendant calls our attention to the proof the disclosure was made on the very day of his marriage to another which had occurred at 7:00 a. m., although the examination was admittedly made later in the day and there is no proof the prosecutrix had knowledge of the marriage when she told her story to her mother. The jurors heard the testimony relating to the darkness, or the lack of it, and no doubt gave it proper consideration.

The defendant denied the commission of the offense and put on testimony of a brother-in-law in an attempt to establish an alibi in that at the very time of the claimed offense the defendant and brother-in-law were playing poker at the house of the latter, although the trial was had some eleven months later. Other testimony on collateral matters was also introduced by the defendant.

The prosecutrix denied she had been intimate with anyone except the defendant and the physician testified in his opinion she probably had had intercourse only once, and not more than three times.

The defendant says the birth of the baby is proof of intercourse by the prosecutrix with someone, but that the record is silent of any corroboration of the claim he is the guilty party. With this claim we must agree. We have heretofore held, however, that in these statutory sex offenses against a young victim such corroboration is not necessary where the evidence of guilt is substantial. State v. Shults, 1938, 43 N.M. 71, 85 P.2d 591; State v. Walton, 1939, 43 N.M. 276, 92 P.2d 157; and State v. Trujillo, 1955, 60 N.M. 277, 291 P.2d 315.

We do not say, however, if the claim of the prosecutrix is inherently improbable we will allow a conviction to stand. In the Trujillo case there is a full discussion of what constitutes substantial evidence in such a case and the vices which must appear in the evidence to warrant reversal of

a conviction on the ground of inherent improbability of the guilt of a defendant of the crime charged. Justice Sadler so ably discussed the law on the subject in that case that any attempted extension on the part of the writer here would be futile.

The prosecutrix explained her failure to report the matter to her parents because of a threat by the defendant, and also her sense of shame.

 The jury was not compelled to accept as true the story of the prosecutrix as to the resistance she interposed at the time of the alleged offense. They may very well have disbelieved that altogether and yet have substantial evidence to support a verdict of statutory rape based on consent. The victim's sense of shame frequently impels her to testify to force on a defendant's part. Disregarding altogether the testimony of force by defendant and resistance by her, there is no inherent improbability in the story of prosecutrix as told from the witness stand, so the judgment must be affirmed. State v. Shults, supra; State v. Trujillo, supra; State v. Tipton, 1953, 57 N.M. 681, 262 P.2d 378.

The judgment is affirmed.

LUJAN, C. J., and SADLER and COMPTON, JJ., concur.

KIKER, J., dissents.