369 P.2d 973

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Adolph Johnson RAMIREZ, Defendant-Appellant.**

**No. 6862.**

Supreme Court of New Mexico.

March 23, 1962.

George E. Ward and Langford Keith, Jr., Roswell, for appellant.

Earl E. Hartley, Atty. Gen., Carl P. Dunifon and Mark C. Reno, Asst. Attys. Gen., for appellee.

CARMODY, Justice.

The question for decision is whether there is substantial evidence justifying a conviction of forcible rape.

Appellant claims that the testimony of the prosecutrix is inherently improbable and that the proof fails to show the requisite resistance required to constitute rape.

It seems that the defendant had been paroled from the New Mexico Penitentiary two or three days before the offense occurred. At about nine o'clock in the evening the defendant and a companion parolee were riding around Roswell, New Mexico, in a car, and, after seeing some other friends, took the prosecutrix and another young woman to a point in back of a drive-in theatre and parked. The defendant and the

prosecuting witness were in the back seat and the defendant struck her at least twice before ordering the other man and the other girl, under threat of physical violence, to get out of the car. After the other couple left the car, the defendant continued to hit the prosecutrix, and then removed her clothing and forced her to engage in an act of sexual intercourse. During this time, the prosecutrix testified that she was crying and attempting to fight the defendant off, by pushing and screaming. After the act, the other couple returned to the car and proceeded to drive the defendant to his mother's home. During the ride, the defendant made threats against the prosecutrix, her family and the other couple, if they were to report what had occurred. The record does not disclose what happened during the rest of the night, except that about 5:30 in the morning the prosecutrix reported the events to the police. At that time, it was determined that her nose was fractured and she had suffered a laceration of the left side of her lip and had certain other bruises about the face. The defendant, in the meantime, changed his bloody clothes and then fled from Roswell to Mexico City, Mexico, subsequently returning and being arrested at Loredo, Texas.

The gist of the contention as to the inherent improbability of the testimony of the prosecutrix is the fact that there was no showing that her clothing had been torn, even though she had been wearing "toreador" trousers, and the additional fact that the prosecutrix was admittedly not chaste, she being a young woman of the age of twenty-one and having had two illegitimate children. The defendant, of course, contends that the intercourse was voluntary on the prosecutrix' part.

We therefore have a case in which the unchastity of the prosecutrix is admitted; the evidence of resistance not particularly strong, there being no showing that her clothing was torn or damaged; lack of any injury to her body in the vicinity of her private parts; and a delay in reporting the alleged offense to the police, approximately seven hours having elapsed between the claimed offense and the report.

Contrary to this evidence is the admitted fact that the defendant struck and rather severely injured the prosecutrix, there being corroboration that at least some of the striking occurred before the claimed rape, the severe injury to the nose and lip, together with the threats made on the way home, and the defendant's flight even before any report had been made to the police.

It is somewhat difficult to comprehend how the injuries which the prosecutrix received would have been inflicted if the defendant's story of the voluntariness is to have substance. Such brutality is hardly in keeping with the performance of voluntary copulation. When we consider the entire circumstances, we reach the conclusion that the evidence was such as would

justify submitting the case to the jury under proper instructions. Even though the prosecutrix' testimony might contain some improbabilities and the evidence of resistance is not as strong as is frequently found in cases of this type, we do not feel that it justifies our interference with the verdict of the jury.

It should be mentioned that none of the instructions are attacked, but a careful examination thereof convinces us that the trial judge was fully conscious of his duties in such a case and, as a result, gave to the jury full and complete instructions as to the resistance necessary, the effect of the prosecutrix' lack of chastity, and the general instruction given in rape cases with respect to the ease of making a rape charge and the difficulty of disproving the same. The jury had before it all of the testimony in the case and the instructions which fully protected the rights of defendant.

Even recognizing that in rape cases this court has adopted a somewhat more strict rule than in other criminal cases, insofar as a review of the testimony, (see State v. Armijo, 1920, 25 N.M. 666, 187 P. 553; State v. Clevenger, 1921, 27 N.M. 466, 202 P. 687; State v. Taylor, 1927, 32 N.M. 163, 252 P. 984; State v. Paiz, 1929, 34 N.M. 108, 277 P. 966; State v. Richardson, 1945, 48 N.M. 544, 154 P.2d 224; State v. Sanders, 1950, 54 N.M. 369, 225 P.2d 150; and State v. Shouse, 1953, 57 N.M. 701, 262 P.2d 984, to cite only a few), we are not convinced that the testimony of the prosecutrix is so inherently improbable as to justify overturning the verdict of the jury, nor do we feel that the not too satisfactory evidence of resistance would warrant our reversing the case, particularly inasmuch as the physical violence done to the prosecutrix and her resultant injuries therefrom tend to show that further resistance would have been of no avail and perhaps would have resulted in more serious injuries to her. See, Territory v. Edie, 1892, 6 N.M. 555, 30 P. 851 (affirmed and rehearing denied, 7 N.M. 183, 34 P. 46), and State v. Foley, 1951, 55 N.M. 590, 237 P.2d 1033.

The defendant's actions, both preceding and following the offense, point unerringly to his guilt. Thus, there is substantial evidence and a sufficient corroborating circumstance of the truth of the story told by the prosecutrix. Therefore, the rule, as set out in Mares v. Territory, 1901, 10 N.M. 770, 65 P. 165, and State v. Clevenger, supra, is satisfied.

Although we recognize the sincerity with which court-appointed counsel have presented the case, we do not believe that there is any error justifying a reversal.

The judgment is affirmed. It is so ordered.

COMPTON, C. J., and MOISE, J., concur.

CHAVEZ and NOBLE, JJ., not participating.