503 P.2d 1182

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Dion Ross KASAKOFF, Defendant-Appellant.**

**No. 962.**

Court of Appeals of New Mexico.

Nov. 3, 1972.

Rehearing Denied Nov. 15, 1972.

Dick A. Blenden, Carlsbad, for defendant-appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

COWAN, Judge.

Defendant appeals from the judgment and sentence following his conviction of the crime of sodomy, contrary to § 40A–9–6, N.M.S.A.1953 (2nd Repl.Vol. 6).

We affirm.

The complaining witness, a female guest in defendant's motel, testified that she had a date with the defendant and was driven to an outlying area near Carlsbad where she was forced, through fear, to engage in an act of sodomy with the defendant. The defendant denied committing the act.

Defendant's principal ground for reversal is that the sodomy statute, supra, "is void on its face for an unconstitutional overbreadth" in that it prohibits private, consensual acts of adult persons in violation of the United States Constitution's "unspecified" right of privacy as enunciated in Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965).

Since the state's evidence was that the act was committed by force and the defendant denied committing the act, he cannot now argue that the incident was a consensual act between two adult persons.

The New Mexico Supreme Court held, in State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967), that the constitutionality of a legislative act is open to attack only by a person whose rights are affected thereby; that the complainant must allege in what manner his constitutional rights are adversely affected; and that an appellate court does not sit to decide abstract constitutional questions.

Since the defendant does not claim nor argue that he is a member of the class discriminated against by the sodomy statute or that his rights have been impaired by the application of the statute to him, he lacks standing to challenge the constitutionality of the act. State v. Hines, supra. See also Washington v. Rodriguez, 82 N. M. 428, 483 P.2d 309 (Ct.App.1971).

The defendant also argues that there was insufficient evidence to support the jury's verdict of guilty. There was a conflict in the evidence but this conflict was for the jury to resolve. State v. Mora, 81 N.M. 631, 471 P.2d 201 (Ct.App. 1970). Viewing the evidence and all reasonable inferences in the light most favorable to the verdict, as we must, we cannot say that the verdict was not supported by substantial evidence as a matter of law. State v. Sedillo, 82 N.M. 287, 480 P.2d 401 (Ct.App.1971). Defendant urges that we review the evidence in light of the "inherently improbable" rule enunciated by the Supreme Court in State v. Shouse, 57 N.M. 701, 262 P.2d 984 (1953), a rape case. We do not deem the rule applicable here.

Defendant finally argues that the court erred in failing to follow the jury's recommendation of clemency. This point is without merit, the recommendation of clemency being advisory only and not binding upon the court. State v. Henry, 78 N. M. 573, 434 P.2d 692 (1967).

The judgment and sentence is affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.